620 A.2d 529

**Susan M. CLINGER, Appellant,**

v.

**Patricia TILLEY, Individually and T/A Merele Norman Cosmetic Studio and Philinda Booth, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1992.

Filed Feb. 23, 1993.

Robin S. Martin, Milton, for appellant.

Gary Weber, Williamsport, for appellees.

Before DEL SOLE, POPOVICH and HUDOCK, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Lycoming County Court of Common Pleas dismissing the appellant's petition to reinstate a complaint. We affirm.

We adopt the trial court's statement of the facts of this case:

On 10 December 1983, plaintiff Susan M. Clinger attended a make-up demonstration at the Merle Norman Cosmetic Studio. In the course of the demonstration, she sustained an eye injury, allegedly caused by defendant Patricia Tilley's negligence. On 13 November 1985, plaintiff's counsel, H. William Koch, a member of the firm Koch, Foust & Martin, filed a complaint in the Lycoming County Court of Common Pleas. During the one-year period following the commencement of the suit, the defendants filed and served a set of interrogatories, and took two depositions. The plaintiff initiated no discovery. The docket reflects no further action from 19 November 1986 until 27 September 1991. On 29 May 1990, Attorney Koch died. Plaintiff's current counsel, Robin S. Martin, was assigned this case in September 1990. On 27 September 1991, Mr. Martin forwarded a 10–page demand letter to defendant's counsel. On 8 October 1991, Mr. Martin was informed by defendant's counsel that the case had been terminated due to inactivity, pursuant to Pa.R.J.A. Rule 1901. Plaintiff then filed a petition to reinstate, and a hearing was held on 7 January 1992, after which this court issued an order dismissing the petition. Trial Court Opinion, dated April 3, 1992, at 1–2.

Ms. Clinger appeals from the order dismissing her petition to reinstate a complaint and raises the following issues:

I. Whether the lower court improperly terminated [appellant's] case?

II. Whether the lower court erred in dismissing the [appellant's] petition for reinstatement of a complaint?

In reviewing an order denying a petition to reactivate a complaint, we are limited to determining whether the trial court committed an abuse of discretion or an error of law. *Martin v. Grandview Hospital*, 373 Pa.Super. 369, 372, 541 A.2d 361, 362 (1988). A matter that has been inactive for an unreasonable period of time may be terminated by a trial court pursuant to Pa.R.J.A. Rule 1901(a). Prior to entering an order of termination of an inactive case, the court must give notice to each party in person, by mail, *or by publication.* Pa.R.J.A. Rule 1901(c) (emphasis added). Rule 1901 further

provides that each court of common pleas is responsible for implementing the policy of terminating inactive cases through its own local rules. Pursuant to that rule, Lycoming County adopted its Rule L903, which provides the following:

In January of each year the prothonotary shall prepare a list of all civil cases which have not been terminated by final judgment or decision and wherein the docket shows no activity during the two years immediately prior to the date of the preparation of the list. The cases shall be identified on the list as to term and number, a complete caption and the names of counsel of record. This list shall be published once in the Lycoming Reporter no later than the third Friday of March with a statement at the beginning of the list that counsel or any of the parties shall have thirty (30) days from the date of publication within which to file opposition to the proposed termination of the case and that at a specified time and place the list will be called by the court, and if no good cause is shown why the matter should be continued, the court will mark such case terminated of record with prejudice.

The above procedure was followed in this case, and notice of termination of the case for inactivity was published in the Lycoming County Reporter on March 10, 1989. On April 7, 1989, the list of cases to be terminated was called in open court, and the court signed an order directing the prothonotary to mark the case "terminated with prejudice." The order was filed by the prothonotary on April 13, 1989. The appellant contends that because the order was signed on April 7, 1989, less than thirty days (30) days notice was given before the case was terminated and the order, therefore, violated Pa.R.J.A. Rule 1901 and Lycoming County Rule L903.

This court has stated that the date an order is entered is the date on which the order is filed with the prothonotary. *Vanleer v. Lerner*, 384 Pa.Super. 558, 559–61, 559 A.2d 577, 578 (1989).

■ Clearly, the appellant's case was not dismissed until April 13, 1989, when the prothonotary filed the order to

terminate. Therefore, the trial court did not violate the required 30–day waiting period.

■ The appellant contends that notice should be mailed to each party prior to termination of a case rather than publishing notice in a legal journal. Although publication of the termination notice in a legal journal is consistent with Pa. R.J.A. Rule 1901, the appellant relies on the "Note" to Pa. R.J.A. Rule 1901 which states that "in those cases where it is unduly burdensome to research the captions, parties and mailing addresses of cases that have been inactive for two years or more, the moribund matters may be terminated by the adoption and publication of a general refiling requirement, without service of individual notice." The appellant asserts her personal opinion that "it would not be unduly burdensome to mail some form of notice of termination to counsel of record, particularly when the counsel of record does not receive or review the local legal journal." Appellant's brief at 13.

The trial court noted in its opinion that at the time that the appellant's case was dismissed, the inactive case list published in the Lycoming County Reporter contained 310 cases, and that for the five years prior to the termination of appellant's case, the number of cases on the Lycoming County purge list averaged 300. Trial Court Opinion, dated April 3, 1992, at 4. Lycoming County established its Rule L903 as an appropriate way to handle the number of cases being terminated each year. Lycoming County's Rule L903 is consistent with Pa. R.J.A. Rule 1901, and the trial court appropriately dismissed this case pursuant to state and county rules.

■ In an analogous case, an attorney, who did not appear for his client's trial, claimed that he did not have actual notice of the trial date. *Ttmar, Inc. v. Sulka,* 402 Pa.Super. 319, 586 A.2d 1372 (1991). The trial was held in Allegheny County, and the case was listed for trial in the Pittsburgh Legal Journal pursuant to the Allegheny County local rules. The attorney argued that he did not have actual notice of the trial

because he did not read the Pittsburgh Legal Journal. In rejecting his argument, this court stated:

> If counsel chooses to accept a case and practice in a particular forum, then he must master notice requirements of local rules and procedures of that forum. This is not a case where notice could be posted on a tree to bind all interested parties. Counsel attacks the very process which every responsible member of the Bar practicing in Allegheny County is bound to follow. The Pittsburgh Legal Journal is the official court publication of Allegheny County as authorized by the local rules of court. Appellant's counsel, choosing to practice in the forum, was duty bound to identify this rule ... Counsel is under a high duty of care to learn and familiarize himself with the local rules of all forums in which he chooses to practice law and to read the Pittsburgh Legal Journal for notice of the date and time of any Allegheny County trials with which he is concerned. Failing to do so does not excuse counsel.

*Id.* at 321–22, 586 A.2d at 1373–74.

In the present case, counsel had notification of the termination of his client's case as required by the Pa.R.J.A. Rule 1901 and L903, and his failure to read the Lycoming County Reporter does not excuse the appellant.

■ The appellant argues further that Rule 126 of the Pennsylvania Rules of Civil Procedure requires that we consider the fairness of Lycoming County's Rule L903 and that we should excuse the procedural error made by the appellant. Rule 126 provides that procedural rules are to be liberally construed to secure the just, speedy and inexpensive determination of actions, and that courts may disregard procedural defects or errors that *do not affect the substantive rights of parties* (emphasis added).

Instantly, if we were to disregard the procedural error made by the appellant and reverse the decision of the lower court, the substantive rights of the appellee would be affected because the appellee would be prejudiced. While our Supreme Court in *Penn Piping, Inc. v. INA,* 529 Pa. 350, 356–57,

603 A.2d 1006, 1009 (1992), determined the standards by which a court may properly enter a judgment of non pros, the Court's discussion of prejudicial delay is relevant to the present case. The Pennsylvania Supreme Court ruled in *Penn Piping,* that in cases involving a delay for two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. The Pennsylvania Supreme Court explained that if a plaintiff has delayed an inordinate time to pursue her action, a defendant may have difficulty defending because of the lapse of time. *Id.* at 354–55, 603 A.2d at 1008. Because the delay in this case is presumed to be prejudicial, utilizing Rule 126 to reverse the trial court's decision would not be appropriate.

According to Pa.R.J.A. Rule 1901(c)(2), a case that has been terminated because of inactivity may be reinstated "for good cause shown." The three requirements for showing good cause are as follows: (1) the petition for reactivation was timely filed; (2) plaintiff has a reasonable excuse for inactivity; and (3) plaintiff alleges the existence of a meritorious cause of action. *Martin v. Grandview Hospital,* 373 Pa.Super. at 373, 541 A.2d at 363.

■ The appellant claims that her petition for reactivation was timely filed because it was filed only eight days after appellant's attorney discovered that the case had been terminated. However, the petition was filed two and a half (2½) years after the case was dismissed. As stated above, although appellant's attorney may not have read the notice of termination in the Lycoming County Reporter, the appellant received legal notice on March 10, 1989. Therefore, the appellant's motion was not timely.

■ The second element of the good cause test requires the appellant to establish a reasonable excuse for the inactivity. The appellant asserts that the inactivity should be excused because the appellant's initial counsel did not have notice of the case termination, and counsel died on May 29, 1990. We have already established that sufficient notice of dismissal of appellant's case was provided by the trial court. We also

reject the appellant's argument that the demise of her original counsel excuses the inactivity with the case. The action was dismissed a year before appellant's attorney died, and his firm did not take any action on the case until a year after his death. The appellant claims that action was not taken sooner because her eye condition had not stabilized. However, as the trial court correctly reasoned, this allegation was not supported by the records, which show that most of the appellant's medical treatment occurred in 1984. N.T., January 7, 1992, at 14–19; Trial Court Opinion, dated April 3, 1992, at 7. The appellant has failed to show that there was a reasonable excuse for her inactivity in this case.

A complaint which has been terminated can be reactivated upon a showing of good cause. Because the appellant was unable to satisfy the requirements of the good cause standard, we find that the petition for reinstatement of the complaint was properly dismissed. We conclude that the trial court properly terminated appellant's action, and that the trial court did not abuse its discretion when it dismissed the appellant's petition for reinstatement of a complaint.

Order affirmed.