## Yankelitis v. Jenkins

C.P. of Lackawanna County, no. 89 Civil 3855.

*Charles L. Consagra* and *Gene E. Goldenziel,* for plaintiff.
*David E. Heisler,* for defendants.

MUNLEY, *J.,* September 20, 1996—Before the court is the defendant's petition to dismiss for lack of docket activity pursuant to Pa.R.J.A. 1901. The defendant is Scott Jenkins, and the plaintiff is Anthony Yankelitis. The parties have briefed their respective positions and oral argument has been heard.

On July 24, 1989, the plaintiff initiated this action by filing a writ of summons. The plaintiff filed a praecipe to reissue the summons on July 24, 1991 and, again, on July 26, 1993 (Monday). On July 24, 1995, the plaintiff filed the complaint.

The defendant contends that the plaintiff's filings of praecipes to reissue do not constitute adequate docket activity to withstand the defendant's petition and, therefore, the petition should be granted. Juxtapose, the plaintiff submits that the delay in docket activity did not exceed two years and that any delay in the case was justifiable.

Rule 1901 of the Pennsylvania Rules of Judicial Administration states in relevant part as follows:

"Prompt disposition of matters; termination of inactive cases

"(a) *General policy.* It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

"(b) *Primary responsibility for implementation of policy.*

"(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or district justices of the peace of the judicial district." Pa.R.J.A. 1901.

Lackawanna County's local rule implementing the policy of Pa.R.J.A. 1901 is set forth at L.R.P. 285. In order to continue an action where more than two years of inactivity elapse, the plaintiff has the burden to show good cause for the delay. See Local Rule 285. Further, the plaintiff must prove to the court that there is a reasonable excuse for the inactivity and that a

meritorious cause of action exists. *Clinger v. Tilley,* 423 Pa. Super. 121, 620 A.2d 529 (1993); see also, *Dorich v. DiBacco,* 440 Pa. Super. 581, 656 A.2d 522 (1995); *Tucker v. Huchenski,* Lackawanna County, 92-Civil-6679, opinion per the Honorable Carmen D. Minora dated April 12, 1996. Moreover, whether to grant a petition to dismiss for lack of docket activity rests within the discretion of the trial court, and will not be disturbed on appeal unless there is an error of law or a manifest abuse of discretion. *Martin v. Grandview Hospital,* 373 Pa. Super. 369, 541 A.2d 361 (1988).

In the instant matter, we find that inactivity on the docket did not exceed two years. The July 1991 and July 1993 praecipes to reissue the summons were timely filed. See Pa.R.C.P. 401; plaintiff's brief in opposition to defendant's motion to dismiss, exhibit A. Further, even if the court found that the praecipes did not constitute docket activity, we nonetheless find that there was good cause for any alleged delay and that any inactivity on the docket was reasonable. The record reveals that the plaintiff was involved in litigation pertaining to a prior vehicle accident. Moreover, the parties agree that plaintiff's counsel has made repeated attempts to contact the defendant concerning the instant action.

For the aforementioned reasons, we deny the defendant's petition to dismiss for lack of docket activity pursuant to Pa.R.J.A. 1901. An appropriate order follows.

## ORDER

Now, to wit, September 20, 1996, the court having considered the briefs and arguments of able counsel, and for the reasons set forth in the accompanying opinion, it is hereby ordered that defendant Scott Jenkins' petition to dismiss for lack of docket activity is denied.