**Harry B. TUCKER, Appellant,**

v.

**ELLWOOD QUALITY STEELS CO., Appellee.**

Superior Court of Pennsylvania.

Submitted May 6, 2002.
Filed June 26, 2002.

Matthew T. Mangino, New Castle, for appellant.

Timothy J. Jacob, Youngstown, Ohio, for appellee.

Before JOYCE, ORIE MELVIN and POPOVICH, JJ.

POPOVICH, J.

¶ 1 This is an appeal from the order dated October 26, 2001, and entered of record on October 29, 2001, in the Court of Common Pleas of Lawrence County, terminating with prejudice Appellant's civil action, under local rule L1901, enacted pursuant to Pa.R.J.A.1901. Upon review, we affirm.

¶ 2 The relevant facts and procedural history are as follows: Appellant initiated this litigation *via* a Praecipe for a Writ of Summons, filed on October 31, 1997, after Appellant was terminated by Appellee for violating its company drug policy. Thereafter, Appellant filed a Complaint against Appellee on November 24, 1997. In the Complaint, Appellant alleged that he was fired because of a change in Appellee's drug policy and that the change in Appellee's drug policy "was arbitrary and capricious, and done without notice to the employees of the [Appellee]." Complaint, 10/27/97, at 2. Appellee filed an Answer and New Matter on December 26, 1997, denying Appellant's allegations and requesting dismissal of the Complaint and summary judgment. Appellant filed his reply to the New Matter on March 25, 1998. At approximately that same time, Appellant served Appellee with his first set of interrogatories. Appellee did not respond to the interrogatories, and Appellant's counsel made a second request for the answers to the interrogatories on August 3, 1998. Thereafter, a motion to compel answers to the interrogatories was filed on October 20, 1998. Following Appellant's motion to compel, no other activity or pleadings appear of record. On August 16, 2001, pursuant to Lawrence County Local Rule L1901, enacted in accordance with Pa.R.J.A.1901, the lower court issued upon the parties a Rule to Show Cause why the case should not be terminated for lack of docket activity for an unreasonable period of time. The Rule was to be answered by Appellant at the general calling of all inactive civil cases on October 26, 2001. Following the issuance of the Rule, Appellant filed a motion for sanctions for failure to answer interrogatories on August 22, 2001. The lower court ignored the motion because it was filed improperly in violation of Lawrence County Local Rule L206(2), which requires that contested motions be filed in motion court.

¶ 3 Neither party attended the general call of inactive cases on October 26, 2001. As a result, the lower court issued an order on October 29, 2001, terminating and discontinuing the case with prejudice. Appellant filed a timely notice of appeal to this court on November 28, 2001.

¶ 4 The sole issue Appellant raises on appeal is:

Did the [lower] court err in terminating this matter for lack of docket activity, without a showing of prejudice and when the court record indicates docket activity prior to the Appellant receiving notice of the Local Rule L1901 Order?

Appellant's Brief, at iv.

¶ 5 In *Setty v. Knepp*, 722 A.2d 1099 (Pa.Super.1998), we enunciated our standard of review for actions terminated pursuant to Pa.R.J.A.1901, or its local counterpart, as follows:

The question of whether an action has been properly terminated pursuant to Pa.R.J.A.1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law. *Jacobs v. Halloran*, 551

Pa. 350, 354, 710 A.2d 1098, 1101 (1998) (whether non pros was properly granted for plaintiff's failure to prosecute his action within a reasonable period of time rests within the discretion of the trial court); *Shope v. Eagle,* 551 Pa. 360, 362–363, 710 A.2d 1104, 1105 (1998) (applying abuse of discretion standard set forth in *Jacobs, supra,* where complaint dismissed pursuant to Pa.R.J.A.1901); *Marino v. Hackman,* 551 Pa. 369, 373 n. 4, 710 A.2d 1108, 1110 n. 4 (1998) (same); *Samaras v. Hartwick,* 698 A.2d 71, 72 (Pa.Super.1997).

*Setty,* 722 A.2d at 1101.

¶ 6 Pa.R.J.A.1901 provides, in pertinent part:

**(a) General Policy.** It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

**(b) Primary Responsibility for Implementation of Policy.**

(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or district justices of the peace of the judicial district.

\* \* \*

**(c) Minimum Standards.** Before any order terminating a matter on the ground of unreasonable activity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

¶ 7 Lawrence County Local Rule L1901 provides:

It is the policy of the Court of Common Pleas of Lawrence County to bring each pending civil matter to an expeditious conclusion. In that regard, the Court shall schedule on its own motion a general calling of all cases which have been inactive for an unreasonable amount of time. Notice requirements shall fully comply with Pa.R.J.A.1901.

¶ 8 Appellant contends that the lower court erred in dismissing this cause of action for lack of docket activity because docket activity was indicated before Appellant received notice of the lower court's intent to invoke Pa.R.J.A.1901 and because Appellee made no showing that it was prejudiced by the delay. After review of the record, we find that these issues are waived for purposes of appeal to this Court.

¶ 9 Appellant cites to our Supreme Court's decision in *Shope v. Eagle,* 551 Pa. at 367, 710 A.2d at 1107, for the proposition that prejudice must be shown before a case is terminated for inactivity pursuant to Pa.R.J.A.1901. A full and thorough reading of *Shope* also indicates that our Supreme Court considered that an appellant's failure to attend a hearing ordered by the trial court on whether the case should be terminated for inactivity would result in waiver of his right to challenge the dismissal of his cause of action. Mr. Justice Zappala stated:

> We note that Appellants preserved their right to challenge the dismissal of the action by responding to the court order directing them to appear for a hearing on whether the case should be terminated for inactivity. **Had they not done so, their right to challenge the dismissal would have been waived and the court could have dismissed the action without any showing of prejudice to Appellees.**

*Id.* at 367 n. 13, 710 A.2d at 1107 n. 13. (emphasis added).

¶ 10 Mr. Justice Zappala continues:

> To dismiss a case for inactivity there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. **We further hold that equitable principles should be considered when dismissing a case for inactivity pursuant to Rule 1901.**

*Shope,* 710 A.2d at 1107 (citations omitted) (emphasis added).

¶ 11 Here, it would be inequitable for Appellant to be able to maintain his cause of action against Appellee. Through his failure to attend the hearing on whether his case should be terminated for inactivity, Appellant has demonstrated a manifested indifference towards the continuation of his cause of action. Accordingly, we adopt Mr. Justice Zappala's rationale regarding waiver under Pa.R.J.A.1901 as our own and find that Appellant has waived his right to challenge the dismissal of his cause of action against Appellee through his failure to attend the hearing held on October 26, 2001. Appellant's actions, or lack thereof, are exactly the type of behavior Pa.R.J.A.1901 seeks to prevent. Therefore, we affirm the order of the lower court.[1]

¶ 12 Order affirmed.

---

1. Additionally, a review of the face of the motion for sanctions filed incorrectly on August 22, 2001, indicates that it was served originally to Appellee's counsel on November 25, 1998. Evidently, Appellant filed the motion with the lower court in an attempt to toll the period of docket inactivity before being served with the lower court's order of August 16, 2001. In its opinion of January 24, 2001, the lower court found that Appellant's actions in filing incorrectly a motion for sanctions originally served on opposing counsel two years prior would not toll the period of docket activity. We agree.