J-S35040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WALTER MALSCH AND AUDREY KATHERINE ECONOMOS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| NICHOLAS DELVECCHIO, | |
| Appellee | No. 3268 EDA 2014 |

Appeal from the Order Entered October 27, 2014
in the Court of Common Pleas of Monroe County
Civil Division at No.: 5962 CV 2011

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 05, 2015**

Appellants, Walter Malsch and Audrey Katherine Economos, appeal from the trial court's order terminating their civil action against Appellee, Nicholas DelVecchio, for docket inactivity pursuant to Pennsylvania Rule of Judicial Administration 1901.  We affirm.

The relevant facts and procedural history of this case are as follows. On July 7, 2011, Appellants commenced this contract action by filing a praecipe for a writ of summons against Appellee.  On that same date, Appellants filed a praecipe for *lis pendens* against certain property owned by Appellee.  For more than three years thereafter, there was no docket activity in the case.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 27, 2014, the trial court, through the prothonotary, entered its order terminating the matter for docket inactivity pursuant to Pennsylvania Rule of Judicial Administration 1901. The order advised that, on September 12, 2014, pursuant to Monroe County Local Rule of Judicial Administration 1901, the court gave notice of its intention to terminate the case by publication in the local legal newspaper, and no party filed an objection. (*See* Order, 10/27/14, at 1); *see also* Mon.R.J.A. 1901(a), (b). On November 14, 2014, Appellants filed this timely appeal.[1]

Appellants raise one issue for our review: "Whether the trial court, that is, the prothonotary of the court, erred as a matter of law and abused its discretion in terminating [the] above captioned matter[?]" (Appellants' Brief, at 4) (most capitalization omitted).[2]

> . . . [O]ur standard of review for actions terminated pursuant to Pa.R.J.A. 1901, or its local counterpart, [is] as follows:
>
> > The question of whether an action has been properly terminated pursuant to Pa.R.J.A. 1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law.

*Tucker v. Ellwood Quality Steels Co.*, 802 A.2d 663, 664 (Pa. Super. 2002) (case citations omitted).

---

[1] The trial court did not order Appellants to file a concise statement of errors complained of on appeal, nor did it enter an opinion. *See* Pa.R.A.P. 1925(a), (b).

[2] Appellee did not file a brief.

In their sole issue on appeal, Appellants argue that the trial court abused its discretion in dismissing the case for lack of docket activity because they did not receive actual notice of the court's intention to terminate the action, there was no evidence of prejudice to Appellee, and the inactivity was due to the parties' unsuccessful settlement attempts. (*See* Appellants' Brief, at 5-8). However, after review of the record, we find that this issue is waived for purposes of appeal to this Court.

Our Supreme Court has stated that appellate courts "have a strong interest in the preservation of consistency and predictability in the operation of our appellate process, and issue preservation rules play an important role in that process." ***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Markets, Inc.***, 52 A.3d 1233, 1246 (Pa. 2012) (citation and quotation marks omitted). Pennsylvania Rule of Appellate Procedure 302, entitled "Requisites for Reviewable Issue," enforces the consequence of waiver, stating: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); ***see also Newman Dev. Grp. of Pottstown, LLC***, ***supra*** at 1246 n.5.

The rule pursuant to which the trial court terminated the instant action, Pennsylvania Rule of Judicial Administration 1901, provides, in pertinent part:

**Rule 1901. Prompt Disposition of Matters; Termination of Inactive Cases**

**(a) General policy.** It is the policy of the unified judicial system to bring each pending matter to a final conclusion as

promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

**(b) Primary responsibility for implementation of policy.**

(1) Except as provided by paragraph (3), each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or magisterial district judges of the peace of the judicial district.

\* \* \*

**(c) Minimum standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) **By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case** where notice by mail cannot be given or has been returned undelivered or **where the docket of the matter shows no evidence of activity during the previous two years**. **Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown**.

Pa.R.J.A. 1901(a)-(b)(1), (c)(1),(2) (emphases added).

Consistent with Pa.R.J.A.(c)(2), Monroe County Local Rule of Judicial

Administration 1901(c) provides: "Reinstatement: Any matter terminated

- 4 -

under this rule may be reinstated by the [c]ourt upon written petition for good cause shown." Mon.R.J.A. 1901(c).

Here, after more than three years of docket inactivity, the trial court gave notice by publication of its intention to terminate the action. (***See*** Order, 10/27/14, at 1); ***see also*** Pa.R.J.A. 1901(a), (c)(2); Mon.R.J.A. 1901(a), (b)(2). Appellants did not file an objection to the notice. (***See*** Order, 10/27/14, at 1). After the trial court entered its order terminating the action, Appellants failed to file an application with the court requesting reinstatement of the case. ***See*** Pa.R.J.A. 1901(c)(2); Mon.R.J.A. 1901(c). Instead, they filed this appeal, asserting for the first time that the lengthy period of inactivity was attributable to the parties' failed attempts to settle the matter, and arguing lack of actual notice and prejudice. (***See*** Appellants' Brief, at 5-8).[3]

After review, we conclude that, because Appellants did not raise their issue in the trial court, they have waived it on appeal. ***See*** Pa.R.A.P. 302(a). Accordingly, we affirm the order of the trial court.

Order affirmed.

_____

[3] Appellants acknowledge that the parties' ostensive settlement attempts "do[] not appear of record[.]" (Appellants' Brief, at 5). "It is well-settled that this Court may only consider items which have been included in the certified record and those items which do not appear of record do not exist for appellate purposes." ***Stumpf v. Nye***, 950 A.2d 1032, 1041 (Pa. Super. 2008), *appeal denied*, 962 A.2d 1198 (Pa. 2008) (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2015