J-S07003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN A. BELFIORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRUCK TECHNOLOGY TRAINING, | : | No. 1019 WDA 2020 |
| INC., AND STEPHEN KRIZAN | : | |

Appeal from the Order Entered August 25, 2020
In the Court of Common Pleas of Beaver County Civil Division at No(s):
12561 of 2008

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED: JUNE 24, 2021**

Appellant, John A. Belfiore, appeals from the order terminating for inactivity his civil case brought against Appellees, Truck Technology Training, Inc. ("TTT"),[1] and Stephen Krizan ("Mr. Krizan")[2] (collectively, "Appellees"). We reverse and remand for further proceedings.

Beginning in 2002, Appellant was employed as an instructor at TTT.  At some point in 2007, Appellant and Mr. Krizan reached an oral agreement, wherein Appellant would purchase TTT from Mr. Krizan over the course of

_____

[1] TTT is a business licensed by the Pennsylvania Department of Education and the Pennsylvania Department of Welfare to offer training that allows students to obtain Pennsylvania commercial driver's licenses.

[2] Mr. Krizan was president and owned all of the outstanding stock issued by TTT.

time, for a total purchase price of $300,000.00. Appellant made an initial payment of $98,715.00, which entitled him to receive 32.9% of the net income of the business.

On September 11, 2008, Appellant filed a civil complaint against Appellees alleging that he had been locked out of financial matters and physically prevented from entering the business. Appellant's complaint set forth one count for breach of contract and one count seeking an action for accounting. Complaint, 9/11/08, at ¶¶ 16-22. On October 27, 2008, Appellees filed an answer, new matter, and a counterclaim. Appellant filed a reply to new matter and answer to the counterclaim on November 21, 2008.

On February 16, 2011, the trial court filed a notice of proposed termination of the case due to docket inactivity. On April 18, 2011, Appellees filed a statement of intention to proceed with the counterclaim.

On August 15, 2012, Appellant filed a certificate of service reflecting that on June 15, 2012, he served upon Appellees his first set of interrogatories and request for production of documents. On October 16, 2012, Appellant filed a motion to compel answers to interrogatories and responses to requests for production of documents, which the trial court granted that day.

On July 15, 2015, pursuant to Pa.R.J.A. 1901, the trial court entered an order presenting its own motion to terminate the case with prejudice because the matter had been inactive for an unreasonable period. Appellant's counsel filed a motion requesting a hearing date on the motion to terminate. On

August 13, 2015, the trial court entered a detailed order directing that the case would not be terminated. In addition, the order of August 13, 2015, set forth specific deadlines for the completion of discovery, filing of dispositive motions, filing of responses to any dispositive motions, oral argument on said motions, and a pretrial conference date. Thereafter, no activity appeared on the docket until Appellees' counsel filed a motion to withdraw on December 28, 2017. The trial court granted the motion to withdraw on December 28, 2017, and directed Appellees to obtain new counsel within thirty days. No further action was taken.

On July 28, 2020, the trial court, *sua sponte*, again entered an order presenting its own motion to terminate the case with prejudice because the matter had been inactive for an unreasonable period under Pa.R.J.A. 1901. On August 10, 2020, Appellant filed a motion for a hearing, which the trial court granted that day. The trial court held a hearing on August 25, 2020. At the conclusion of the hearing, the trial court entered an order terminating the case due to inactivity pursuant to Pa.R.J.A. 1901. On September 3, 2020, Appellant filed a motion for reconsideration, which the trial court denied. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. Did the trial court abuse its discretion in failing or refusing to apply the actual prejudice test in entering a judgment of *non pros* terminating [Appellant's] cause of action for lack of docket activity?

- 3 -

B. Did the trial court err in determining the evidence of prejudice presented at the August 25, 2020, hearing was sufficient to grant a judgment of *non pros* under **Jacobs**[ **v. Holloran**, 710 A.2d 1098 (Pa. 1998)].

Appellant's Brief at 3 (full capitalization omitted).

In his two issues, Appellant challenges whether the trial court properly terminated the instant cause of action. Appellant's Brief at 18, 24. Specifically, Appellant asserts that Appellees did not suffer actual prejudice necessary for the trial court to dismiss the case. Appellant contends that the trial court ignored the prejudice prong of the necessary test prior to terminating the action. **Id**. at 23-24. Further, Appellant claims that Appellees failed to establish the actual prejudice necessary to dismiss the matter. **Id**. at 24-26.

We begin by noting that "[t]he question of whether an action has been properly terminated pursuant to Pa.R.J.A. 1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." **Tucker v. Ellwood Quality Steels Co.**, 802 A.2d 663, 664 (Pa. Super. 2002) (internal citations omitted).[3]

_____

[3] We note that dismissal of a case due to inactivity pursuant to Pa.R.J.A. 1901 is distinct from a judgment of *non pros*. In **Shope v. Eagle**, 710 A.2d 1106 (Pa. 1998) our Supreme Court explained the following:

Although terminations pursuant to Rule 1901 and motions for *non pros* both result in the dismissal of a case for inactivity, each action has a distinct procedure.

- 4 -

"An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Dibish v. Ameriprise Financial, Inc.,*** 134 A.3d 1079, 1095 (Pa. Super. 2016).

Pennsylvania Rule of Judicial Administration 1901 provides:

**(a) General policy**. It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

**(b) Primary responsibility for implementation of policy**.

_____

Rule 1901 is essentially an administrative tool by which the court, through the prothonotary, may rid the court dockets of stale matters that have not been discontinued by the parties. The local rules implemented there under are "intended to foster elimination of stale cases from the judicial system where the parties have failed to proceed and which are carried as open matters because of the failure on the part of any party to seek dismissal or otherwise to bring the matter to a conclusion." Pa.R.J.A. 1901 Note.

A motion for a judgment of *non pros* is the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case. In the companion case of ***Jacobs v. Halloran***[, 710 A.2d 1098 (Pa. 1998)], also decided today, we noted that the grant of a judgment of *non pros* is based upon the equitable principle of laches, which requires that the adversary suffer harm before a case is dismissed for inactivity.

***Id***. at 1106.

(1) Except as provided by paragraph (3), each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or magisterial district judges of the judicial district.

(2) The Philadelphia Municipal Court is directed to make rules of court for such purposes.

(3) The policy set forth in subdivision (a) of this rule shall be implemented in actions governed by the Pennsylvania Rules of Civil Procedure pursuant to Rule of Civil Procedure 230.2.

**(c) Minimum standards**. Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated . . .

Pa.R.J.A. 1901.

Pursuant to the Rule, "[i]t is [a] plaintiff's duty to move the case forward and to monitor the docket to reflect that movement." *Golab v. Knuth*, 176 A.3d 335, 339 (Pa. Super. 2017). Rule 1901 reflects the general policy of this Commonwealth to promote the prompt completion of litigation. *Id*. at 340. In short, pursuant to Rule 1901, "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." Pa.R.J.A. 1901(a). Moreover, "each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make

local rules of court for such purposes applicable to the court and to the community court…." Pa.R.J.A. 1901(b).

Beaver County adopted local rules requiring the Court Administrator to compile a list of cases in which no steps or proceedings have been taken for two or more years, and provide notice to the parties in such cases that the case will be terminated. Beaver Cnty. Local R.J.A. 1901A-B. The local rules require that the court provide at least thirty days of notice of the termination, inform the parties that the case will be terminated for unreasonable activity unless the party files an objection explaining why the inactivity is not unreasonable, and providing that if there is no response to the objection, the objection may be sustained. Beaver Cnty. Local R. 1901C-D, 1901G. The local rules provide that where the court is presented with objections and a response thereto, the Court Administrator "will refer the case to the [c]ourt for disposition either on the pleading, or after a hearing or argument." Beaver Cnty. Local R. 1901H.

Our Supreme Court in **Shope** further expanded on the requirements necessary for the dismissal of a case pursuant to Rule 1901, as follows:

> The Note to Rule 1901 supports the conclusion that prejudice is required before a case is terminated for inactivity. The Note states that the rule has no effect on the substantive law. The substantive law prior to the promulgation of Rule 1901 required that the adversary be prejudiced by the delay before a case is dismissed for inactivity. **James Bros. Lumber Co. v. Union Banking & Trust Co.**, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). This requirement continues in effect notwithstanding the enactment of Rule 1901. We therefore conclude that prejudice is required before a case is dismissed for inactivity.

Accordingly, the three part test applicable to the defendant's motion for *non pros* in **Jacobs** applies here. To dismiss a case for inactivity there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. We further hold that equitable principles should be considered when dismissing a case for inactivity pursuant to Rule 1901.

**Shope**, 710 A.2d at 1107-1108 (footnotes and citation omitted).

As Appellee duly observes, "[s]ince Appellant is only appealing the issue of prejudice … it is presumed that Appellant concedes the first two prongs. It is uncontested and incontrovertible that Appellant did not diligently pursue his case and there was not justification for the delay." Appellees' Brief at 4 (citations omitted). Accordingly, we will focus our review to a consideration to the third prong of the three-part test, *i.e.*, whether the delay caused actual prejudice to the defendant.

In its statement presented in accordance with Pa.R.A.P. 1925(a),the trial court stated that it "believes that it has adequately addressed [Appellant's] issues in its finding and conclusions on the record on August 25, 2020, which are contained at pages 47-54 of the transcript …." Order, 11/4/20, at 1. Our review of the record reflects that on August 25, 2020, the trial court held a hearing on the motion to dismiss. At the conclusion of the hearing, the trial court announced from the bench its decision to terminate the case due to inactivity. N.T., 8/25/20, at 53.

In so doing, the trial court specifically stated the following regarding its consideration of the prejudice prong of the three-part test: "The [c]ourt is not even looking to the prejudice here." ***Id***. Thus, the trial court failed to address whether "the delay … cause[d] actual prejudice to the defendant." ***Shope***, 710 A.2d 1108. Hence, the trial court committed an error of law. ***Tucker***, 802 A.2d at 664. Accordingly, we are constrained to reverse the order terminating this action, and we remand for the trial court to address the remainder of the three-part test, *i.e.*, whether Appellees suffered prejudice because of the delay in activity.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  06/24/2021