Christine SAMARAS and John Samaras, Individually and as Husband and Wife, Appellees,

v.

Martha A. HARTWICK and John Hartwick, Appellants.

Superior Court of Pennsylvania.

Argued Feb. 11, 1997.

Filed June 27, 1997.

Reargument Denied Sept. 8, 1997.

Michael N. Corr, West Chester, for appellants.

Daniel E. Kleiner, Philadelphia, for appellees.

Before CIRILLO, President Judge Emeritus, and JOHNSON and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

On March 1, 1985, Christine and John Samaras commenced the instant personal injury action against Martha and John Hartwick by filing a writ of summons in the Bucks County Court of Common Pleas. For the next year, the case proceeded through the usual pre-trial procedures, and, on May 26, 1986, was scheduled for trial. On that date, the Samarases requested a continuance. The Hartwicks were opposed to continuing the case and, therefore, objected. After hearing argument on the matter, the Honor-

able Judge George Kelton granted the requested continuance.

Due to docket activity generated entirely by the Hartwicks, the docket remained active from the date of the continuance until October 8, 1987. For the next two years, however, the docket was void of activity and, on October 27, 1989, the Bucks County Prothonotary mailed termination notices to the parties. At this juncture, the docket was completely devoid of any activity generated by the Samarases for nearly three years. On July 18, 1990, after receiving no response from the litigants, the case was officially marked terminated.

Over one year thereafter, on August 23, 1991, the Samarases filed a petition to set aside the termination and/or reactivate the action, in which their attorney, Neil E. Jokelson, Esquire, claimed that he had never received the termination notice reflected on the docket. Rather, Attorney Jokelson stated, he only became aware of the case's status on August 21, 1991, after an associate reviewing docket entries for an unrelated case in the Prothonotary's office noticed the termination entry and notified him. Because of this claimed lack of notice, Attorney Jokelson averred that the case had been erroneously terminated in violation of the Samarases' due process rights.

In response, the Hartwicks requested that, because of the lengthy delay between the termination and the filing of the petition, the court deny the petition as being untimely. After hearing argument on the matter, the Honorable Judge John Rufe granted the Samarases' petition to reactivate by Order dated June 17, 1993.

An application for reconsideration was filed and denied, after which the Hartwicks appealed to this Court. Finding the order to be interlocutory, however, this Court quashed the Hartwicks' appeal on February 7, 1994. *Samaras v. Hartwick,* No. 2362 Philadelphia 1993.

On February 23, 1994, the Hartwicks filed a petition for judgment of *non pros* and, additionally, requested that the court hear argument. In August of 1994, Judge Rufe denied the *non pros* petition without the benefit of oral argument. The Hartwicks then filed a motion for reconsideration and, in response thereto, the court agreed to hear argument on October 3, 1994. By order dated November 9, 1994, Judge Rufe again denied the Hartwicks' *non pros* petition.

A non-jury trial was subsequently held on February 5, 1996. The parties stipulated to damages in the amount of $50,001. After hearing the testimony of Christine Samaras, who was the sole witness at trial, the court found the Hartwicks liable and, accordingly, entered a verdict in favor of the Samarases. Post-trial motions were then filed and denied. This appeal, in which the Hartwicks claim that the trial court erred in granting the Samarases' petition for reactivation and in denying the Hartwicks' subsequent *non pros* petition, follows.

 With respect to the Hartwicks' initial averment, alleging that the trial court erred in granting the Samarases' petition for reactivation, we note that our review is limited to determining whether the trial court abused its discretion or committed an error of law. *See, e.g., Clinger v. Tilley,* 423 Pa.Super. 121, 123–25, 620 A.2d 529, 531 (1993); *Metz Contracting, Inc. v. Riverwood Builders, Inc.,* 360 Pa.Super. 445, 448–50, 520 A.2d 891, 893 (1987). Absent a finding of a manifest abuse of the discretion vested in the trial court, this Court will not disturb the trial court's determination. *Id.*

Pursuant to Pennsylvania Rule of Judicial Administration 1901, a case that has been inactive for over two years may be terminated. While the Rule provides that each court of common pleas throughout our jurisdiction may develop its own local rule to dispose of such cases, certain minimal procedural protections are mandated. Specifically, the court must notify the parties in person, by mail, or through publication of its intent to terminate a case. *Clinger,* 423 Pa.Super. at 123–25, 620 A.2d at 531.

In accordance with this Rule, the Bucks County Court of Common Pleas adopted Bucks County Administrative Order No. 29 which, in pertinent part, reads as follows:

1. Commencing on the effective date of this Order, and thereafter on the fourth Monday of each month, the Court Administrator shall compile a list of all pending

civil matters, exclusive of non-support and custody proceedings, in which there has been no activity reported on the docket for a period of more than two years prior to the last day of the month immediately preceding the month in which the list is compiled.

2. The Court Administrator shall give written notice to all counsel of record and to any unrepresented parties that the matter will be terminated 30 days from the date of said notice in accordance with the provisions of Pa.R.J.A. 1901, unless a certification of active status is filed before the termination date. Said notices shall contain the caption of the matter, together with the date and nature of the last activity recorded on the docket. Said notices shall be sent by regular mail to the last known address of the addressees.

\* \* \* \* \* \*

4. If any such notices are returned by the postal authorities as undelivered for any reason, the Court Administrator shall prepare a list of the cases involved and cause same to be published one time in the *Bucks County Law Reporter*, together with a notice that said cases will be terminated 30 days after the date on which the list is published.

Bucks County Administrative Order No. 29, adopted 6–24–88, effective thirty days after publication in the *Pennsylvania Bulletin.*

■ Once a case has been terminated pursuant to a local rule enacted pursuant to Pa.R.J.A. 1901, the burden rests upon the former plaintiff to demonstrate that there is "good cause" for reactivating the case. In order to successfully set aside the termination of an action, the aggrieved party must demonstrate that: (1) the petition for reactivation was timely filed; (2) a reasonable explanation exists for the docket inactivity; and (3) facts exist supporting a meritorious cause of action. *Clinger*, 423 Pa.Super. at 123–25, 620 A.2d at 531. Applying this test to the facts of the instant matter, we cannot agree with the trial court that the Samarases met their burden and, thus, were deserving of reactivation. Accordingly, we reverse the trial court's 1993 order granting said petition.

As stated, after this case languished for greater than two years with no activity, the Bucks County Prothonotary mailed termination notices to both attorneys of record in this matter. Thereafter, because the Prothonotary did not receive a certification of active status, as required by subsection (2) of the local rule, the case was officially marked terminated. Over one year following the official termination, Attorney Jokelson filed a petition to set aside the termination of the action, alleging therein that he never received the termination notice in the mail and that he filed a petition as soon as he learned of the case's status.

Despite the lengthy time period between the case's termination and the filing of the petition, the trial court held that the petition was timely filed because "counsel's delay was not attributed to any fault of his own. Final notice of the termination was never published in the *Bucks County Law Reporter,* nor did counsel ever receive notice of the termination in the Mail." Slip–Op, 8/31/93 at 4. This finding was premised solely upon Attorney Jokelson's submitted affidavit, in which he stated that the required notice was never received and that, had such notice been received, he would have promptly filed a certification of active status.

In order to rebut Attorney Jokelson's averment that he did not receive the termination notice, the Hartwicks presented the testimony of H. Paul Kester, Esquire, the Bucks County Court Administrator. Attorney Kester established that (1) computer generated county mailing records show that termination notices were sent to both attorneys of record; and (2) the Prothonotary's file does not reflect that the notice sent to Attorney Jokelson was returned by the postal service.

■ Faced with this conflicting evidence, the trial court apparently chose to credit Attorney Jokelson's testimony as the more believable. It was not, however, the province of the court to weigh, as would a factfinder, the testimony presented. Rather, it has long been the law of our Commonwealth that "proof of a mailing raises a rebuttable presumption that the mailed item was received and it is well-established that the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed." *Commonwealth Department*

*of Transportation v. Grasse,* 146 Pa.Commw. 17, 21, 606 A.2d 544, 545 (1991). *See also Chartiers Industrial and Commercial Development Authority v. Allegheny Board of Property Assessment,* 165 Pa.Commw. 671, 673–75, 645 A.2d 944, 946 (1994); *Sheehan v. Worker's Compensation Appeal Board,* 143 Pa.Commw. 624, 629–31, 600 A.2d 633, 636 (1991).

With this legal principal in mind, we hold that the testimony offered by the Court Administrator was sufficient to raise the rebuttable presumption that the notice was duly mailed and received by Attorney Jokelson. Once this presumption is in place, the party claiming that it did not receive the notice has the burden of establishing such. As previously stated, merely asserting that the notice was not received is insufficient to overcome the presumption. This, however, was the extent of the evidence proffered by Attorney Jokelson and accepted by the trial court. Because the trial court's holding was directly contrary to the binding precedent of our Commonwealth, we find that the trial committed an error of law in determining that Attorney Jokelson's petition was timely filed.[1]

Since all three planks of the test governing reactivation petitions must be satisfied prior to relief being granted, and the Samarases' have woefully failed to fulfill the initial requirement, it is presently unnecessary to inquire into the remaining two prongs; that is, whether a reasonable explanation exists for the delay and whether facts exist which support a meritorious cause of action.

We note, however, that, even were we to agree that the Samarases' petition was timely filed, the Samarases have failed to present any evidence which could lead one to conclude that their lengthy delay in prosecuting this action could be reasonably explained.

Instead, the Samarases rely solely upon Attorney Jokelson's otherwise unsubstantiated assertion that he never received the termination notice. Again, assuming this to be true, it does not begin to explain why the case was inactive during the two years *prior* to the mailing of the notices. As such, the Samarases would nonetheless fail in their attempt to gain relief.[2]

For the foregoing reasons, we hold that the trial court committed an error of law in finding that the Samarases' petition to reactivate was timely filed and presented a reasonable excuse for the prosecutorial delay.

The Order of June 17, 1993, is reversed; the judgment entered October 24, 1996, is vacated; case remanded for entry of judgment in favor of appellants, Martha A. and John Hartwick; jurisdiction relinquished.

---

1. We note, as well, that the trial court placed import in the fact that the termination notices were not published in the *Bucks County Law Reporter.* Published notice, however, is not mandated by Pa.R.J.A. 1901 and, pursuant to the local rule, is only necessary if a mailed notice is returned as undelivered. As the facts of the present case do not implicate this subsection of the County rule, we find that the first class mailing, which was in harmony with the minimal procedural protections outlined in Pa.R.J.A. 1901, provided sufficient notice.

2. Our disposition of the Hartwicks' initial issue, in which we hold that the trial court abused its discretion in granting the Samarases' petition to reactivate, renders moot the question of whether the trial court erred in denying the Hartwicks' subsequently filed petition for judgment of *non pros.* As such, we will not address this remaining claim.