Sherri **WHEELER**, Appellant

v.

**RED ROSE TRANSIT AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2005.

Decided Jan. 27, 2006.

Howard H. Brown, Kennett Square, for appellant.

Richard L. Orwig, Reading, for appellee.

BEFORE: FRIEDMAN, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Sherri Wheeler (Wheeler) appeals the order of the Court of Common Pleas of Lancaster County (trial court) denying her petition to reinstate a civil action against Red Rose Transit Authority (Authority) that had been terminated by the trial court because of inactivity. Wheeler claims that because her attorney did not receive notice of the termination proceeding, the trial court erred in refusing to grant her petition to reinstate her action.

On March 4, 2002, Wheeler commenced a civil action against the Authority by writ of summons. On May 19, 2004, the trial court initiated proceedings to terminate Wheeler's case because there had been no activity of record for over two years. Pa. R.C.P. No. 230.2.[1] Accordingly, the trial court notified Wheeler's counsel of record, Howard H. Brown, Esq., of the proposed termination 60 days before it was to occur. Pa. R.C.P. No. 230.2(b)(1). The written notice given to Brown stated that he could stop the court from terminating Wheeler's case by filing a "Statement of Intention to Proceed" with the Prothonotary. Pa. R.C.P. No. 230.2(e) (prescribing the form of notice of termination to be sent to counsel of record). Brown did not file the statement, and the Prothonotary entered an order terminating Wheeler's case on August 23, 2004.

On October 20, 2004, Brown filed a petition to reinstate the action. Such a petition will automatically be granted if filed within 30 days of the termination order. Pa. R.C.P. No. 230.2(d)(2).[2] A reinstate-

1. Pa. R.C.P. 230.2(a)-(c) states:

(a) The court may initiate proceedings to terminate a case in which there has been no activity of record for two years or more by serving a notice of proposed dismissal of court case.

(b)(1) The court shall serve the notice on counsel of record, and on the parties if not represented, sixty days prior to the date of the proposed termination. The notice shall contain the date of the proposed termination and the procedure to avoid termination.

(2) The notice shall be served by mail pursuant to Rule 440. If the mailed notice is returned, the notice shall be served by advertising it in the legal publication, if any, designated by the court for the publication of legal notices or in one newspaper of general circulation within the county.

(c) If no statement of intention to proceed has been filed, the prothonotary shall enter an order as of course terminating the matter with prejudice for failure to prosecute.

2. Pa. R.C.P. 230.2(d) states:

(d)(1) If an action has been terminated pursuant to this rule, an aggrieved party may petition the court to reinstate the action.

(2) If the petition is filed within thirty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action.

(3) If the petition is filed more than thirty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action upon a showing that

(i) the petition was timely filed following the entry of the order for termination and

ment filed later can still be granted, but only if there is a "reasonable explanation or a legitimate excuse" for the failure to file (1) the statement of intention *and* (2) the petition to reinstate the action within 30 days of its termination. Pa. R.C.P. No. 230.2(d)(3)(ii). The trial court gave Wheeler two opportunities for demonstrating a "reasonable explanation of a legitimate excuse" for not filing either the statement or the petition to reinstate within the prescribed time limits. When she failed to do so, her petition to reinstate the action was dismissed. This appeal followed.

 On appeal,[3] Wheeler asserts that the trial court erred. She contends that the trial court's termination order should have never been issued because the trial court never gave Wheeler's counsel proper notice of the proposed termination of her action. *A fortiori*, then, her petition to reinstate should have been granted. Wheeler contends that her due process rights will be denied if she does not get a hearing on the merits of her case.

Wheeler's case turns on one point: whether the Prothonotary mailed the termination notice to her attorney of record at the correct address. At the hearing on March 28, 2005, Wheeler's attorney, Brown, asserted that the prothonotary mailed the notice of proposed termination to 4 Garrett Road in Upper Darby, Pennsylvania, an office that Brown vacated in 1992. In that year, he moved his office to 235 East Lincoln Highway; thereafter, he moved his office to its present location at 345 Scarlet Road in Kennett Square, Pennsylvania.[4] Brown stated at the hearing that 235 East Lincoln Highway would have been a "good address because ... it would have been forwarded to me." Reproduced Record at 43a (R.R.——). However, Brown stated that he did not receive the written notice of proposed termination. Evidence of his current address and his statement that he did not receive notice of the termination was evidence sufficient to reinstate Wheeler's action, according to Brown.

The Authority offered the testimony of the Deputy Prothonotary of Lancaster County, Lori Groff.[5] She testified that the Prothonotary's Office has established a system for tracking the addresses of both parties and attorneys with matters pending in the court. An index of addresses is updated periodically to show an address of a litigant or counsel that is listed on the most recent filing with the court. Groff explained that at the time the notice of termination was mailed to Brown, the Prothonotary's Office had two addresses for his law office: 4 Garrett Road, Upper Darby, Pa. 19082, and 235 East Lincoln High-

---

(ii) there is a reasonable explanation or a legitimate excuse for the failure to file both
 (A) the statement of intention to proceed prior to the entry of the order of termination on the docket and,
 (B) the petition to reinstate the action within thirty days after the entry of the order of termination on the docket.
Pa. R. Civ. P. No. 230.2(d).

3. Our review of the trial court's denial of the petition to reinstate the case is limited to determining whether the trial court abused its discretion or committed an error of law. *Samaras v. Hartwick*, 698 A.2d 71, 72 (Pa.Super.1997). Absent a finding of a manifest abuse of the discretion vested in the trial court, this Court will not disturb the trial court's determination. *Id.*

4. Brown's address on Wheeler's praecipe for writ of summons was the East Lincoln Highway address.

5. The Authority also entered three exhibits into evidence: (1) Wheeler's Writ of Summons filed on March 4, 2002; (2) the Prothonotary's copy of the notice sent to Brown at 235 East Lincoln Highway; and (3) copies of three address identification forms from the Prothonotary's files showing the three addresses on file for Attorney Brown's law offices.

way, Coatesville, Pa. 19320.[6] The Prothonotary sent the notice of termination to both addresses. The notice sent to the Garrett Road address was returned by the postal service, and the returned envelope was entered into evidence.[7] The notice sent to the East Lincoln Highway address in Coatesville was not returned, indicating it had been delivered.[8] A file copy of the notice sent to Coatesville was also entered into evidence.

Groff testified that the procedure in her office is to send a notice of termination proceedings to every address for an attorney listed on the address file, not just the one used on the attorney's entry of appearance for the action subject to termination. The Prothonotary's Office keeps a copy of every notice of termination indicating the address to which it was sent. Consistent with that procedure, the office records contained a copy of the termination notice sent to the East Lincoln Highway address, which was admitted into evidence.

■ Pa. R.C.P. No. 440(b) provides that service is complete upon mailing, which establishes a rebuttable presumption that the notice was received. This shifts the burden to the recipient to prove that the notice was not received. Notably, testimony alone will not rebut the presumption. *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General),* 143 Pa.Cmwlth.624, 600 A.2d 633, 636 (1991).

The facts in this case are virtually identical to those in *Samaras v. Hartwick,* 698 A.2d 71 (Pa.Super.1997), which is persuasive precedent. In *Samaras,* the court of common pleas terminated a case after two years of docket inactivity. Two years later, a petition for reinstatement was filed. Petitioner claimed his attorney never received the termination notice; the termination, therefore, violated petitioner's due process rights. The Superior Court held that proof of mailing, such as testimony by the court administrator responsible for mailing the notice, raised a rebuttable presumption of receipt. The mere assertion by counsel that the notice was not received was held insufficient to overcome the presumption. *Samaras,* 698 A.2d at 73–74. Accordingly, the Superior Court reversed the trial court's grant of reinstatement.

■ Because Brown stated that any mail sent to the East Lincoln Highway address would have been forwarded to his current address, the determinative issue was whether the notice of termination was ever sent to Brown at that address.[9] In finding that it was, the trial court relied on Groff's testimony about the procedure in her office for updating the addresses of attorneys who have entered their appearance in a matter before the court; a copy

---

6. Groff testified that the address for Attorney Brown's office was updated on October 8, 2005, to 345 Scarlet Road, either because a new document with that address was filed by Brown or because Groff was personally asked to change the address. Groff did not recall what specific filing prompted the change. She also stated that only deputies in her office are able to make address changes.

7. A copy of the envelope returned from the Garrett Road address was attached as Exhibit C to Wheeler's Memorandum in Support of the Petition to Reinstate Action submitted to the trial court.

8. Rule 230.2 provides that if the notice of termination is returned by the post office, then the court is required to complete service by advertising it in a legal publication designated for that court's legal notices, or in one newspaper of general circulation in the county. Pa. R.C.P. No. 230.2(b)(2).

9. Brown fails to address why he never updated the address given to the court upon his entry of appearance in Wheeler's action.

of the notice sent to the East Lincoln Highway address, which was not returned;[10] and a copy of the envelope sent to the Garrett Road address that was returned. The trial court credited Groff's testimony, and we are not at liberty to set aside that credibility determination. We hold that Brown's testimony that he did not receive the notice was inadequate to rebut the presumption, following the Superior Court's rationale in *Samaras*.

██ Wheeler's due process argument is also unavailing. An action terminated in accordance with the Pennsylvania Rules of Civil procedure does not violate due process, and Wheeler offers no authority for such a conclusion. Wheeler was given two hearings to present evidence that would allow the court to conclude that she had a legitimate excuse for her untimely filings. Proving that notice of termination was never received may provide a legitimate excuse for not filing a statement of intention to proceed or a timely petition to reinstate. However, Wheeler failed to rebut the presumption that both notices were received by her counsel. In short, Wheeler had the opportunity to prove a legitimate excuse for not filing a timely petition to reinstate, and this opportunity satisfied due process with respect to the termination of her action.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 27th day of January, 2006, the order of the Court of Common Pleas of Lancaster County dated March 28, 2005, in the above-captioned matter is hereby affirmed.

---

10. The Authority offered the envelope showing return of the Garrett Road mailing, but not the record copy of the notice sent to Garrett Road. At oral argument, Brown argued that the absence of the file copy of the notice sent to Garrett Road supports an inference that, in fact, no such notice was ever sent to Garrett Road. First, there is no evidence that the Prothonotary's Office did not have a copy of that notice. The Authority chose to offer a copy of the returned envelope used to mail the notice to Garrett Road as more probative of the fact that the notice of termination was sent there. Second, to make the inference suggested by Brown, we would have to reject Groff's credited testimony. This we cannot do. Finally, Brown's argument on how to read this evidence should have been presented to the trial court, and it was not. It is therefore waived.