J-A12012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STANLEY AND SYLVIA HALLMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| EQT PRODUCTION CO. AND PHOENIX RESOURCES, INC., | |
| Appellee | No. 1138 MDA 2014 |

Appeal from the Order Entered June 12, 2014
In the Court of Common Pleas of Tioga County
Civil Division at No(s): 489 CV 2013

BEFORE:  BOWES, DONOHUE AND ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 07, 2015**

Stanley and Sylvia Hallman appeal from the June 12, 2014 order denying their request to file an appeal *nunc pro tunc*.  After careful review, we affirm.

The Hallmans are the surface owners of approximately 335 acres of property in Morris Township, Tioga County, Pennsylvania.  Appellee Phoenix Resources, Inc. ("Phoenix Resources") owns the oil and gas rights to the property.  On December 30, 2009, Phoenix Resources leased the exclusive right to extract oil and gas from under the property to the Appellee EQT Production Company ("EQT").

On October 4, 2012, the Pennsylvania Department of Environmental Protection ("DEP") granted EQT an "Erosion and Sediment Control" general

permit to construct a gas well pad with ten (10) wells, drill pits, an access drive, and a four and one-half acre impoundment holding 10,000,000 gallons of water for the purpose of fracking both on and off the property. The Hallmans pled, based on the issuance of this permit and EQT's representation it was "uncertain how long the surface owned by the [Hallmans] will be disturbed[,]" that it believed that EQT intended to move forward with the fracking. Complaint, ¶11.

On June 17, 2013, the Hallmans filed a complaint against EQT seeking a declaratory judgment and injunctive relief to restrain EQT's proposed use, as well as damages for trespass. They alleged that the above-described use of the property was not permitted under the terms of the lease between Phoenix and EQT. Specifically, they argued that EQT should not be permitted to construct the impoundment on the property and that it should be required to change the location of its proposed road.

In response to preliminary objections alleging, *inter alia*, failure to join a necessary party, the Hallmans amended their complaint on August 6, 2013, to join Phoenix Resources as a defendant. EQT again filed preliminary objections to the Hallmans' amended complaint seeking to dismiss the declaratory judgment count and request for injunctive relief for failure to exercise or exhaust a statutory remedy, ripeness, and standing. On November 5, 2013, the trial court sustained EQT's preliminary objections on the basis of ripeness and justiciability and dismissed the amended complaint

as to EQT. The trial court subsequently denied the Hallmans' motion for clarification and/or reconsideration of the order granting EQT's preliminary objections.

On November 25, 2013, Phoenix Resources filed preliminary objections that were identical to those filed earlier by EQT and sustained by the trial court. Argument was held on the preliminary objections on January 22, 2014. By order of January 31, 2014, the trial court dismissed the declaratory judgment and injunction counts of the Hallmans' amended complaint as to Phoenix Resources. In its order, the trial court stated that the amended complaint failed to state an actual, justiciable controversy for which declaratory relief could be granted and, that the matter was not ripe for consideration. The record substantiates that the order was docketed as mailed to all counsel of record on January 31, 2014. Phoenix Resources received a copy of the order.

No appeal was filed within the thirty-day period. On March 24, 2014, Bethany Schwarz, the legal assistant for the Hallmans' counsel, contacted the Prothonotary to ascertain whether there had been any activity on the pending preliminary objections. Upon being advised of an order, she asked for and received a copy via email. Counsel for the Hallmans promptly filed a motion seeking leave to appeal *nunc pro tunc*, representing therein that he had not received a copy of the January 31, 2014 order before the appeal period had expired. Counsel and Ms. Schwarz submitted sworn affidavits

attesting to their non-receipt of the order and describing the practice and procedure in effect in counsel's office for reviewing the mail.

The trial court held a hearing on the motion on June 13, 2014. The Hallmans' counsel, Mr. Richard Druby, an attorney with twenty-three years' experience, testified that his office has a policy and procedure for handling mail. His assistant, Bethany Schwarz, opens the mail, reviews it, and diaries any important dates. The mail is then scanned into the office's document management system. The mail is given to attorney Druby, who reviews it, double checks the dates, and takes any action necessary. N.T., 6/13/14, at 3-4. The documents are placed in the client's files. Attorney Druby testified that his office did not receive a copy of the order since it was not located in the system, the client's file, his office or Ms. Schwarz's office. *Id*. at 4.

Ms. Schwarz corroborated Mr. Druby's testimony as it relates to the office's procedure for handling mail, and the role she plays in it. She testified that she had never received or even seen that particular order. Furthermore, she confirmed that she participated in the office and computer search that failed to yield the order. *Id*. at 8-9.

Based on the evidence presented, the trial court denied the request to file an appeal *nunc pro tunc*, finding counsel's claim of non-receipt "self-serving and not credible." Trial Court Opinion, 11/14/14, at 4. The trial court added that the Hallmans would not be prejudiced by the decision

because the "matter is premature." *Id*. The Hallmans appealed and raise the following question:

> Whether the trial court committed an error of law and abused its discretion in denying the Plaintiff's motion to file appeal nunc pro tunc and should have permitted the Hallmans to appeal the trial court's granting of the preliminary objections of both EQT and Phoenix Resources because the uncontested facts presented to the trial court proved that Plaintiff's counsel's failure to file the appeal timely was due to non-negligent circumstances?

Appellant's brief at 4.

The standard of review applicable to the denial of a request to permit an appeal *nunc pro tunc* is "whether the trial court abused its discretion." *Freeman v. Bonner*, 761 A.2d 1193, 1194 (Pa.Super. 2000) (quoting *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 583 (Pa. 2000)). "An abuse of discretion is not merely an error of judgment but is found where the law is 'overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.'" *Id*.

The Hallmans bear the burden of showing that the trial court abused its discretion in denying leave to file an appeal *nunc pro tunc*. "Generally, an appeal *nunc pro tunc* may be allowed when a delay in filing the appeal is caused by extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996)

(citing ***Bass v. Commonwealth Bureau of Corrections et al.***, 401 A.2d 1133, 1135 (Pa. 1979)). In addition, *nunc pro tunc* relief may be granted "where the appellant demonstrates that (1) his notice of appeal was filed late as a result of non[-]negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) he filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." ***Rothstein v. Polysciences, Inc.***, 853 A.2d 1072, 1075 (Pa. 2004) (quoting ***Criss v. Wise***, 781 A.2d 1156, 1159 (Pa. 2001)).

First, the Hallmans rely upon our decision in ***Fischer v. UPMC Northwest***, 34 A.3d 115 (Pa.Super. 2011), in support of their contention that their failure to file a timely notice of appeal was excused due to a breakdown in the court's operations. They argue that the docket entry alone was insufficient to give rise to a presumption of mailing. EQT counters that ***Fischer*** is factually distinguishable as the Prothonotary therein failed to give Rule 236 notice of the order, instead relying upon the court reporter to do so. Furthermore, the Prothonotary did not enter the order on the docket for twenty-nine days. Herein, the Prothonotary complied with Rule 236, docketed the January 28, 2014 order on January 31, 2014, and noted on the docket that notice was sent to counsel of record.

Cases involving a breakdown in court operations often involve a failure on the part of the Prothonotary or court to fulfill its ministerial duties. ***Rothstein***, ***supra*** at 1075. Had the Prothonotary failed to docket and send

- 6 -

notice of the order, this could be viewed as a breakdown in court operations. Such was not the case herein. As our High Court stated in *Nixon v. Nixon*, 198 A. 154 (Pa. 1938), a record that reveals that the Prothonotary's office sent the required notice is sufficient to raise a presumption of mailing. On the record herein, the trial court found insufficient evidence to support a claim of a breakdown in the court's operations, and we agree.

The Hallmans next seek to excuse the late filing under the "non-negligent circumstances exception" applied in *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979). In *Bass*, appeal papers had been prepared from the Commonwealth Court to the Supreme Court and readied for filing on July 7, six days prior to the thirty-day deadline. The papers were placed in a folder on the corner of the secretary's desk. That afternoon, the secretary became ill, went home, and did not return to work until Monday, July 17. A petition seeking permission to appeal *nunc pro tunc* was immediately filed.

Our High Court recognized that sometimes events occur due to non-negligent circumstances and concluded that there was no basis to find that either the attorney or his secretary acted negligently. It granted the petition for the *nunc pro tunc* appeal, reasoning that, "at least in those circumstances involving the non-negligent failure to file an appeal, members of the public should not lose their day in court." *Id*. at 1135.

The Hallmans also direct our attention to **Walker v. Commonwealth Unemployment Comp. Bd. of Review**, 461 A.2d 346 (Pa.Cmwlth. 1983)[1] in support of their reliance upon the non-negligent circumstances exception on the facts herein. In **Walker**, the referee ruled adversely on the claimant's benefits claim and he untimely appealed to the Board. The Board remanded to the referee to make a record on the timeliness issue. At the hearing, Walker testified that he had requested the postal service to forward his mail to another address but, because it had failed to do so, the referee's decision and appeal instructions were not received until after the fifteen-day appeal period expired. The Board dismissed the appeal as untimely because Walker had not shown that the filing delay was due to negligence or fraud by the compensation authorities. The Board did not consider or make any findings as to whether there were extenuating circumstances that excused the late filing. On appeal, the Commonwealth Court reversed and remanded for the Board to make findings of the reasons for the delayed filing, citing **Bass** and other decisions for the proposition that an untimely appeal may be permitted where the untimeliness is not the result of the negligence of the appellant.

---

[1] Although decisions by the Commonwealth Court are not binding on this Court, we may rely on them if persuaded by their reasoning. **In re Brown**, 30 A.3d 1200, 1204 n.2 (Pa.Super. 2011).

*Walker* only confirms that the trial court employed the correct procedure herein in scheduling a hearing to determine whether the failure to file a timely appeal was the result of the negligence of the Hallmans or their counsel. It does not hold, as the Hallmans suggest, that failure to receive notice of the order in time to file a timely appeal is a non-negligent extenuating circumstance. Furthermore, in *Criss v. Wise*, *supra* at 1160, our Supreme Court revisited the non-negligent circumstances exception and limited it to unique and compelling cases where the appellant clearly established that he attempted to file an appeal but was precluded by unforeseeable and unavoidable events*. Id*. at 1160. *See Bass*, *supra* at 1134 (secretary illness); *Perry v. Commonwealth Unemployment Comp. Bd. of Review*, 459 A.2d 1342 (Pa.Cmwlth. 1983) (automobile mechanical problems); *Tony Grande, Inc. v. Commonwealth Unemployment Comp. Bd. of Review*, 455 A.2d. 299 (Pa.Cmwlth. 1995) (hospitalization of attorney).

The instant case does not fall within the narrower ambit of *Criss*, as there was no attempt to file an appeal that was thwarted by an unforeseeable event. In addition, the facts herein implicate the "mailbox rule." The proof of mailing by the Prothonotary raises a rebuttable presumption that the mailed item was received. *Samaras v. Hartwick*, 698 A.2d 71, 73 (Pa.Super. 1997). Once this presumption is established, the party alleging that it did not receive the letter has the burden of

establishing non-receipt. Merely asserting that the letter was not received, without corroboration, is insufficient to overcome the presumption of receipt. *Id*.

The Hallmans also rely on ***Donegal Mut. Ins. Co. v. Ins. Dep't***, 719 A.2d 825, 827 (Pa.Cmwlth. 1998), for the proposition that the presumption of receipt conferred by the mailbox rule is rebutted where evidence corroborating the claim of lack of receipt is presented. EQT and Phoenix counter that ***Donegal*** is distinguishable because the evidence of non-receipt was provided by a "disinterested third-party" who did not have a "stake in the outcome." Appellees' brief at 11. In furtherance of their position, EQT and Phoenix Resources cite ***Com., Dep't of Transp. v. Brayman Const. Corp.-Bracken Const. Co.***, 513 A.2d 562, 566 (Pa.Cmwlth. 1986) for the proposition that "the presumption in the mailbox rule is not nullified by testimony denying receipt of the item mailed." ***Accord Berkowitz v. Mayflower Securities, Inc.***, 317 A.2d 584 (Pa. 1974) (denial of receipt is not sufficient, in itself, to rebut mailbox rule's presumption of receipt).

While testimony provided by a disinterested third party would arguably strengthen the weight of the evidence, the absence of a third-party witness herein does not render the testimony legally insufficient. Furthermore, the Hallmans are not asserting bare allegations of non-receipt as EQT and Phoenix Resources maintain. Rather, they have introduced testimonial evidence of the office policies and procedures for cataloguing incoming mail

to buttress their claim of non-receipt. Based upon their search of the computer system, office, and the clients' physical file, as well as their own recollections, both witnesses testified that the order was not received.

Although the Hallmans offered evidence to rebut the presumption of receipt, the trial court found that evidence "self-serving and not credible." Trial Court Opinion, 11/6/14, at 4. The trial court was free to believe all, part, or none of the testimony presented. We have long acknowledged that the "credibility and weight to be given the testimony of any competent witness is for the trier of fact, for he sees the witnesses and observes the manner of their testifying." *Glen Alden Coal Co. v. Schuylkill County Com'rs*, 27 A.2d 239, 244 (Pa. 1942). Those credibility determinations, where supported, cannot be disturbed on appeal. *See Commonwealth v. Pruitt*, 951 A.2d 307, 313 (Pa. 2008) (where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court.).

Since the trial court neither misapplied the law nor exercised unreasonable judgment, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/7/2015</u>