J-A27028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GAIL EDMOND | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PHILADELPHIA PARK CASINO AND GREENWOOD GAMING AND ENTERTAINMENT, INC. | |
| Appellees | No. 623 EDA 2016 |

Appeal from the Order Entered February 9, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2010-01591-36

BEFORE:  PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 13, 2016**

Gail Edmond appeals from the trial court's order denying her motion to remove the instant action from the inactive list.[1]  After careful review, we affirm.

On November 12, 2009, Edmond filed a negligence-premises liability action against Appellees, Philadelphia Park Casino and Greenwood Gaming and Entertainment, Inc. (collectively, "Parx"), after she allegedly fell on a stairway at Parx.  Venue of the case was transferred from Philadelphia

---

[*] Former Justice specially assigned to the Superior Court.

[1] In reviewing an order denying a petition to reactivate a complaint, the court is limited to determining whether the trial court committed an abuse of discretion or an error of law.  **Martin v. Grandview Hosp.**, 541 A.2d 361 (Pa. Super. 1988).

County to Bucks County on January 5, 2010. **See** Pa.R.C.P. 2179. On February 18, 2010, the case was initiated on the Bucks County docket. On March 8, 2010, Parx filed an answer with new matter. On March 25, 2010, the trial court entered an order compelling Edmond to file full and complete answers to Parx's interrogatories and request for production of documents. When Edmond failed to comply with the court's order, Parx filed a motion for sanctions; the court scheduled a hearing on the issue for July 21, 2010. On June 23, 2010, Edmond filed her reply to Parx's answer and new matter; Parx withdrew its motion for sanctions. Edmond's deposition was taken on January 11, 2011.

On July 8, 2013, the court sent Edmond a notice of proposed termination of the case due to the fact that the case had been inactive for at least two years.[2] On September 7, 2013, the case was terminated. On

_____

[2] We note that Pa.R.C.P. 230.2(a) controls the termination of inactive cases. However, Rule 230.2 was suspended on April 23, 2014, effective immediately, and amended on December 9, 2015. The amended text, however, will not become effective until December 31, 2016. Therefore, we are guided by the principles espoused in Pa.R.J.A. 1901 (Prompt Disposition of Matters; Termination of Inactive Cases). **See** Pa.R.J.A. 1901(3) ("The policy set forth in subdivision (a) of . . . [R]ule [1901] shall be implemented in actions governed by the Pennsylvania Rules of Civil Procedure pursuant to Rule of Civil Procedure 230.2."). Moreover, Rule 1901 provides that each court of common pleas may develop its own local rule to dispose of cases that have been inactive for more than two years. **See** Pa.R.J.A. 1901(b)(1). Therefore, we are guided by local Bucks County Administrative Order No. 29 which deals, administratively, with inactive court cases. **See Samaras v. Hartwick**, 698 A.2d 71 (Pa. Super. 1996).

December 5, 2014,[3] Edmond filed a motion to remove the matter from the inactive list and to list it for arbitration. On February 9, 2016, the trial court denied Edmond's motion and this timely appeal follows.

On appeal, Edmond presents the following four issues for our review:

(1)    Whether the trial court made an error of law and/or abused its discretion in failing to remove the instant action from the inactive list and list it for arbitration.

(2)    Whether the trial court made an error of law and/or abused its discretion in failing to determine that the Plaintiff had no compelling reason for the delay in its petition to remove the instant action from the inactive list and list it for arbitration.

(3)    Whether the trial court made an error of law and/or abused its discretion in failing to determine that the Defendant would not have suffer[ed] actual prejudice if the matter was removed from the inactive list and listed for arbitration.

(4)    Whether the trial court made an error of law and/or abused its discretion in failing to review all of the facts and legal issues presented and removing the instant action from the inactive list and listing said action for arbitration.

Edmond's issues can be boiled down to one basic contention that the court erred in not reactivating her action. We find no error.

Pursuant to Bucks County Administrative Order 29, the court administrator "shall give written notice to all counsel of record . . . that the

_____

[3] Edmond's counsel actually filed his petition to reactive the case on October 27, 2014. However, because the petition did not comply with motion practice under Pa.R.C.P. 208.2, it was returned to counsel. Moreover, counsel's required *praecipe* to move the petition before the trial judge for disposition was not filed until November 9, 2015.

matter will be terminated 30 days from the date of said notice in accordance with the provisions of Pa.R.J.A. 1901 . . . unless a certification of active status is filed before the termination date." B.C.R.J.A. 29, at ¶ 2. The notice "shall be sent by regular mail to the last known address of the addressee." *Id.* If the notice is returned as undeliverable, then the court administrator shall publish the notice in the Bucks County Law Reporter indicating that the case will be terminated 30 days after the date on which it is published. *Id.* at ¶ 4.[4] Once a case has been terminated pursuant to a local rule enacted by Rule 1901, the burden rests upon the former plaintiff to demonstrate that there is "good cause" for reactivating the case. In order to successfully set aside the termination of an action, the aggrieved party must demonstrate that: (1) the petition for reactivation was timely filed; (2) a reasonable explanation exists for the docket inactivity; and (3) facts exist supporting a meritorious cause of action. *Samaras*, 698 A.2d at 73.

In *Samaras*, the plaintiffs' personal injury matter languished in the trial court for more than two years without any activity. The Bucks County Prothonotary mailed termination notices to both attorneys of record and, when the prothonotary did not receive a certification of active status, the case was officially marked terminated. More than one year after the termination, plaintiffs' attorney filed a petition to set aside the termination

---

[4] A party must file a petition and rule to reactivate any terminated matter. B.C.R.J.A. 29, at ¶ 6.

alleging that he never received the notice and that he had filed a petition as soon as he learned about the case's status. The trial court found that the case had been erroneously terminated, in violation of the plaintiffs' due process right, and reactivated the action. On appeal, our Court concluded that the court administrator's testimony was sufficient to raise a rebuttable presumption that notice was duly mailed and received by the plaintiffs' attorney. Accordingly, this Court reversed the trial court's order reactivating the case, holding that termination was proper because the plaintiffs' attorney's claim that he did not receive notice was insufficient to overcome the presumption.

Here, the trial court terminated Edmond's case when more than two and one half years elapsed with no docket activity. Edmond failed to file a statement of intent to proceed following the notice of termination sent by the court and, instead, waited almost fifteen months after the case was terminated to file her motion to reactive. Counsel merely indicated in his motion that "Plaintiff does not have any memory of receiving said Notice" and that "[a]fter a thorough review of the physical file, Plaintiff was unable to find the Termination Notice that was allegedly mailed to Plaintiff on or about July 8, 2013." Plaintiff's Motion to Remove from Inactive List, 12/3/14, at ¶¶ 7, 9.

Pennsylvania Rule of Civil Procedure 440(b) provides that "[s]ervice by mail of legal papers other than original process is completed upon mailing." Pa.R.C.P. 440(b). Instantly, the Bucks County trial court docket indicates

- 5 -

that termination notice under B.C.R.J.A. 29 was mailed on 7/8/13 at 10:32:46 AM to Edmond's attorney at his address of record. Upon proof of service, the burden shifted to Edmond to rebut the presumption that notice was received. *See Geise v. Nationwide Life & Annuity Co. of Am.*, 939 A.2d 409 (Pa. Super. 2007) (under mailbox rule, proof of mailing creates rebuttable presumption of receipt of mailed item; once presumption established, party alleging that it did not receive mailed item has burden of establishing such, and merely asserting that mailing was not received, without corroboration, is insufficient to overcome presumption of receipt); *see also Wheeler v. Red Rose Transit. Auth.*, 890 A.3d 1228 (Pa. Cmwlth. 2005) (where plaintiff's attorney testified that any mail sent to East Lincoln Highway address would have been forwarded to his correct, current address and where Deputy Prothonotary of Lancaster County testified that copy of notice sent to plaintiff's counsel's East Lincoln Highway address was not returned, counsel's testimony not sufficient to rebut presumption that notice received).

Because Edmond's counsel failed to provide any corroborating evidence to overcome the rebuttable presumption that he received the termination notice, other than bald statements in motions and his appellate brief, the court did not abuse its discretion in failing to reactive Edmond's personal injury action. *Martin*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016