# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lucabaugh,                          :
                                            :
                        Appellant           :
                                            :   No. 664 C.D. 2016
            v.                              :   Submitted: December 16, 2016
                                            :
City of Pottsville                          :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                         **FILED: March 17, 2017**


This matter is one of three related appeals filed by William Lucabaugh (Plaintiff), *pro se*, from orders of the Court of Common Pleas of Schuylkill County (trial court) in actions that he filed against the City of Pottsville (City) in 2009, September 2015, and December 2015. The order at issue in this appeal denied reinstatement of the 2009 action after it had been terminated for inactivity.[1] We affirm.

All three of these appeals arise out of a dispute that has been before this Court twice concerning orders issued by the City requiring Plaintiff to repair or demolish a property that he owns. This Court's decisions in those two prior appeals, *Commonwealth v. Lucabaugh (Lucabaugh I)*, (Pa. Cmwlth., No. 631 C.D. 2008, filed July 13, 2009), and *Commonwealth v. Lucabaugh (Lucabaugh II)*, (Pa.

---

[1] The two other related appeals presently before the Court, docketed at Nos. 558 C.D. 2016 and 741 C.D. 2016, are appeals from orders sustaining preliminary objections filed by the City in the December 2015 action and the September 2015 action and dismissing those actions. While they are not consolidated, all three appeals have been decided together by this Court.

Cmwlth., No. 2528 C.D. 2009, filed October 19, 2010), establish the following history of this dispute.

Plaintiff is the owner of a property located at 317 N. George Street in the City (the Property) that was in a dilapidated and unsafe condition. (*Lucabaugh II*, slip op. at 2-4; *Lucabaugh I*, slip op. at 1-2.) In April 2005, before Plaintiff purchased the Property, the City issued a notice and order for demolition to the then-owner of the Property. (*Lucabaugh I*, slip op. at 2; *Lucabaugh II*, slip op. at 7.) In March and April 2007, after Plaintiff acquired the Property from a person who purchased it at a tax sale, the City sent to Plaintiff and posted on the Property a notice of violation of the City's International Property Maintenance Code (Code) due to the poor condition of the exterior of the structure on the Property, accompanied by a copy of the outstanding April 2005 notice and order for demolition of the Property. (*Lucabaugh I*, slip op. at 1-2; *Lucabaugh II*, slip op. at 7.) On June 4, 2007, the City issued a citation to Plaintiff charging him with violating Section 110.1 of the Code for failing to abate the outstanding demolition order against the Property. (*Lucabaugh I*, slip op. at 4.) A hearing was held before a magisterial district judge (MDJ) on the June 4, 2007 citation and the MDJ found Plaintiff guilty of the summary offense of violating Section 110.1 of the Code and ordered Plaintiff to pay a total of $361 in fines and costs. (*Id.* at 4-5; *Lucabaugh II*, slip op. at 2 n.2.) Plaintiff appealed and on October 22, 2007, the trial court, following a *de novo* hearing, found Plaintiff guilty and imposed the same fines and costs. (*Lucabaugh I*, slip op. at 5-7; *Lucabaugh II*, slip op. at 2 n.2.) This Court on July 13, 2009 affirmed this summary conviction. (*Lucabaugh I*, slip op. at 9-14 & Order; *Lucabaugh II*, slip op. at 2 n.2.)

2

On November 25, 2008, while Plaintiff's appeal of the 2007 summary conviction was pending in this Court, the City issued an order requiring Plaintiff to repair or demolish the structure on the Property within 45 days. (*Lucabaugh II*, slip op. at 2.) Although the City provided forms and instructions for filing an administrative appeal, Plaintiff did not file an administrative appeal from this order. (*Id.*) On May 6, 2009, because Plaintiff had not complied with the order to repair or demolish, the City again issued a citation charging Plaintiff with violating Section 110.1 of the Code and an MDJ found Plaintiff guilty of this violation and imposed a fine and costs totaling $565.50. (*Id.*) Plaintiff appealed and on November 23, 2009, the trial court, following a *de novo* hearing, found Plaintiff guilty and imposed a fine of $500 plus costs. (*Id.* at 3-4.) This Court on October 19, 2010 affirmed this 2009 summary conviction. (*Id.* at 5-8 & Order.)

Plaintiff filed the first of the three lawsuits at issue in these appeals, an action against the City and its Code Enforcement Officer, on December 17, 2009, after this Court's affirmance of the 2007 summary conviction in *Lucabaugh I* and before this Court ruled on his appeal in *Lucabaugh II*. In the 2009 action, Plaintiff asserted that the City was required to demolish the structure on the Property before he purchased the Property and that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated the 2007 and 2009 citations against him for failure to comply with repair or demolish orders. (Amended Complaint in S-3534-2009.) In his filings in the 2009 action, Plaintiff listed his address as 317 N. George Street, Pottsville, Pennsylvania, and continued to list that as his only address even after he contended that he was not receiving pleadings from defendants and orders from the trial court. (*See*, *e.g.*, Praecipe for Summons in S-3534-2009; Amended Complaint in S-3534-

3

2009 at 19, 664 C.D. 2016 Supplemental Reproduced Record (Supp. R.R.) at 65a; 9/2/10 Petition to Open Judgment in S-3534-2009; Request for Clarification in S-3534-2009 at 2, 664 C.D. 2016 Supp. R.R. at 67a.) After Plaintiff filed a motion to compel production of documents in November 2011 in which he again listed his address as 317 N. George Street, Pottsville, Pennsylvania (11/7/11 Motion to Compel at 2), Plaintiff did nothing further to litigate the 2009 action and no docket activity occurred for over two years. (S-3534-2009 Docket Entries at 8-9.)

Because there was no docket activity, the trial court in 2014 sent notice of intent to terminate the 2009 action to Plaintiff at his address of record, 317 N. George Street, Pottsville, Pennsylvania, which was returned as undeliverable, and also published notice of intent to terminate the 2009 action in the Schuylkill Legal Record. (Notice of Proposed Termination of S-3534-2009, 664 C.D. 2016 Supp. R.R. at 1a; Second Petition to Reinstate S-3534-2009 ¶¶17, 27, 30 & Ex. G, 664 C.D. 2016 Supp. R.R. at 25a-26a, 37a-38a; Defendants' Response to Second Petition to Reinstate S-3534-2009 Ex. A, 664 C.D. 2016 Supp. R.R. at 2a, 12a-13a.) On January 7, 2015, the trial court entered an order terminating the 2009 action for inactivity. (1/7/15 Termination of Inactive Cases Order, 664 C.D. 2016 Supp. R.R. at 16a.) On September 14, 2015, eight months later, Plaintiff filed a Praecipe to change his address in the 2009 action and contends that he learned at that time that the action had been terminated for inactivity. (Praecipe to Change Address in S-3534-2009, 664 C.D. 2016 Supp. R.R. at 19a; Second Petition to Reinstate S-3534-2009 ¶24, 664 C.D. 2016 Supp. R.R. at 25a.) Plaintiff filed a petition to reinstate the 2009 action on October 12, 2015, which the trial court denied without prejudice for failure to set forth

4

sufficient supporting facts, and on November 10, 2015, filed a second petition to reinstate the 2009 action.

On September 29, 2015, after learning that the 2009 action had been terminated for inactivity, Plaintiff filed a second action against the City. In multiple complaints that he filed in this September 2015 action, Plaintiff made the same assertion as in the 2009 action that the City was required to demolish the structure on the Property before he purchased the Property and claimed that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated both the 2007 and 2009 citations and additional citations issued by the City in 2015 concerning the Property. (11/4/15 Complaint in S-1765-2015; Second Amended Complaint in S-1765-2015, 741 C.D. 2016 Supp. R.R. at 84a-108a; 3/14/16 Amended Complaint in S-1765-2015.)[2] The relief sought by Plaintiff in the September 2015 action included both damages and declaratory judgments on these issues. (11/4/15 Complaint in S-1765-2015 at 2, 7, 10, 12-15; Second Amended Complaint in S-1765-2015, 741 C.D. 2016 Supp. R.R. at 89a, 99a-100a, 103a-108a; 3/14/16 Amended Complaint in S-1765-2015 at 6, 16-17, 26-35.) The City filed preliminary objections to each of Plaintiff's complaints in the September 2015 action.

On December 4, 2015, Plaintiff filed a third action against the City. In this December 2015 action, Plaintiff made the same assertion as in the 2009 and

---

[2] Although these appeals are not consolidated, this Court may take judicial notice of pleadings and judgments in other judicial proceedings where, as here, the proceedings are related and were brought to attention of and considered by the trial court before it ruled in the case. *In Re Schulz' Estate*, 139 A.2d 560, 563 (Pa. 1958); *C.J. v. Department of Public Welfare*, 960 A.2d 494, 497 n.8 (Pa. Cmwlth. 2008); *Lycoming County v. Pennsylvania Labor Relations Board*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007). This Court accordingly takes judicial notice of the pleadings and orders in the September 2015 action and the December 2015 action.

September 2015 actions that the City was required to demolish the structure on the Property before he purchased the Property and again claimed that this obligation and deficiencies in the March 2007 notice of violation and in the City's administrative appeal procedure invalidated both the 2007 and 2009 citations and additional citations issued by the City in 2015 concerning the Property. (Amended Complaint in S-2190-2015, 558 C.D. 2016 Supp. R.R. at 12a-23a.) In the December 2015 action, Plaintiff sought the same declaratory relief that he sought in the September 2015 action but did not assert claims for damages. (*Id.*, 558 C.D. 2016 Supp. R.R. at 12a-13a, 16a-18a.) The City filed preliminary objections in the December 2015 action.[3]

On March 4, 2016, the trial court sustained the City's preliminary objections in the December 2015 action and dismissed that action on the grounds, *inter alia*, that it was barred by the pendency of a prior action because all of the claims that it pleaded were asserted against the same defendant, the City, in the 2009 and September 2015 actions. On March 23, 2016, a different judge of the trial court denied Plaintiff's second petition to reinstate the 2009 action. On April 12, 2016, a third trial court judge sustained the City's preliminary objections to Plaintiff's Second Amended Complaint in the September 2015 action and dismissed that action. Plaintiff appealed all three orders to this Court.

The issue in this appeal is whether the trial court committed an abuse of discretion in denying reinstatement of the 2009 action. *Matusow v. Zieger*, 702

---

[3] According to Plaintiff, the City demolished the structure on the Property on November 20, 2015, after he filed the September 2015 action, and obtained a judgment against him in a separate action in March 2016 in the amount of $25,469 for that demolition. (Second Amended Complaint in S-1765-2015 ¶156, 741 C.D. 2016 Supp. R.R. at 99a; Plaintiff's 3/15/16 Notice to Court.)

6

A.2d 1126, 1128 n.5 (Pa. Cmwlth. 1997) (appellate review of order denying reinstatement of action that had been terminated for inactivity is limited to determining whether the trial court committed a manifest abuse of discretion). We conclude that the trial court committed no abuse of discretion and correctly concluded that Plaintiff had failed to satisfy the requirements for reinstatement of an action terminated for inactivity.[4]

Rule 1901 of the Pennsylvania Rules of Judicial Administration authorizes the courts of common pleas to terminate cases on their own motion where they have been inactive for an unreasonable period of time. Pa. R.J.A. No. 1901(a), (b)(1). Rule 1901(c) provides that notice of a proposed termination must be given "[i]n person or by mail to the last address of record of the parties or their counsel of record" or "[b]y publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered." Pa. R.J.A. No. 1901(c)(1), (2). The requirements for termination were satisfied here. The local Rules of Judicial Administration of the Schuylkill County Court of Common Pleas provide that cases may be terminated for inactivity where the docket shows no activity in the case for two or more years. Sch. R.J.A. No. 1901(a). There was no activity in the 2009 action between

---

[4] It also appears that this appeal was not timely filed and should be quashed for lack of jurisdiction. An appeal from a final order of a court of common pleas must be filed within 30 days after the entry of the order. Pa. R.A.P. 903(a). The order at issue here was entered on March 23, 2016. The thirtieth day after that order was Friday, April 22, 2016. It appears from the record that Plaintiff did not file his appeal until April 25, 2016, 33 days after the trial court's order. Untimeliness of an appeal is an issue of subject matter jurisdiction that may be raised by this Court *sua sponte*. *Thorn v. Newman*, 538 A.2d 105, 107 (Pa. Cmwlth. 1988). Because this issue has not been briefed by the parties, however, we do not rest our decision on untimeliness grounds.

December 2011 and 2014, a period of more than two years. Notice of the proposed termination was both mailed to Plaintiff's address of record and published in the Schuylkill Legal Record. The Schuylkill Legal Record is the legal newspaper designated for publication of legal notices by the Schuylkill County Court of Common Pleas. Sch. R.C.P. No. 107.

Once a case has been terminated for inactivity, it can be reinstated only if the party seeking reinstatement shows good cause for reactivating the case. *Matusow*, 702 A.2d at 1128-29; *Setty v. Knepp*, 722 A.2d 1099, 1101 (Pa. Super. 1998); *Samaras v. Hartwick*, 698 A.2d 71, 73 (Pa. Super. 1997); *Martin v. Grandview Hospital*, 541 A.2d 361, 363 (Pa. Super. 1988). To meet this good cause standard, the party seeking reinstatement must show: (1) that the petition for reinstatement was timely filed; (2) that there is a reasonable explanation for the docket inactivity; and (3) that facts exist supporting a meritorious cause of action. *Matusow*, 702 A.2d at 1129; *Setty*, 722 A.2d at 1101; *Samaras*, 698 A.2d at 73; *Clinger v. Tilley*, 620 A.2d 529, 532 (Pa. Super. 1993). Reinstatement cannot be granted unless all three of these elements are shown. *Matusow*, 702 A.2d at 1129-31; *Setty*, 722 A.2d at 1103; *Samaras*, 698 A.2d at 74. As the trial court correctly concluded, Plaintiff both failed to show that his petition for reinstatement was timely filed and also failed to show that there was a reasonable explanation for the lack of activity.

Plaintiff filed his petition to reinstate the 2009 action in October 2015, more than nine months after the case was terminated. A nine-month delay does not constitute timely filing of a motion to reinstate. Although Plaintiff claims that he did not know of the termination until September 2015, that fact does not make his petition timely. Timeliness is measured from actual knowledge of the termination

8

only where the trial court has failed to comply with the notice requirements of Pa. R.J.A. No. 1901(c). *Matusow*, 702 A.2d at 1129-30 (timeliness was measured from actual knowledge where notice of termination was returned as undeliverable and trial court failed to give notice by publication); *Setty*, 722 A.2d at 1102-03 & n.4 (same). Where the trial court has given notice of the proposed termination in the manner required by Pa. R.J.A. No. 1901(c), timeliness of a reinstatement petition is measured from the date of the termination, not the date of the plaintiff's or his counsel's actual knowledge. *Samaras*, 698 A.2d at 72-74 (reinstatement petition was untimely even though it was filed two days after counsel alleged that he first learned of the termination because it was not filed promptly after the notice of termination was mailed); *Clinger*, 620 A.2d at 533 (reinstatement petition filed long after termination was untimely even though it was filed eight days after counsel first learned of the termination because notice of termination was published in legal journal in accordance with Rule 1901(c)). Here, there was no dispute that the trial court sent notice of the proposed termination to the address that plaintiff had provided and that it published the notice of termination after the notice was returned as undeliverable, as required by Rule 1901(c). Moreover, Plaintiff knew, more than four years before the termination order, that he was not reliably receiving mail from the trial court at the address he had provided to the court (9/2/10 Petition to Open Judgment in S-3534-2009 ¶¶8-9) and chose not to correct his address. Plaintiff's lack of notice was thus not the result of any failure of the trial court to give adequate notice, but was a result of his own choice not to provide an address at which he could receive notices and orders from the court. Accordingly, the timeliness of Plaintiff's petition to reinstate the 2009 action is

9

measured from the date of the termination order, January 7, 2015, and his petition for reinstatement nine months later was untimely.

In addition, Plaintiff failed to show any reasonable excuse for the more than two years of docket inactivity. The requirement of reasonable excuse for inactivity can be satisfied where the record shows that the plaintiff sought to move the case to trial and that the inactivity resulted from a delay caused by the defendant. *Matusow*, 702 A.2d at 1130-31. There was no claim or evidence here, however, that the City sought any continuance, caused any delay, or impeded Plaintiff from prosecuting his claim between November 2011 and the January 7, 2015 termination order. Nor did Plaintiff put forth any evidence or even claim that there were circumstances that prevented him from prosecuting the 2009 action or that made him unable to litigate the case during that period. Rather, Plaintiff's allegations in support of his petition to reinstate the 2009 action consisted primarily of claims concerning his lack of notice of the termination. (Second Petition to Reinstate ¶¶10-30, 36-43, 45, 57, 59-61, 664 C.D. 2016 Supp. R.R. at 24a-29a.) Lack of notice of the termination goes only to the issue of timeliness of the petition to reinstate and cannot satisfy the requirement that Plaintiff show a reasonable excuse for the more than two-year period of inactivity that preceded that termination. *Samaras*, 698 A.2d at 74; *Clinger*, 620 A.2d at 533. Most of Plaintiff's other allegations in his petition to reinstate consisted of assertions concerning the merits of the 2009 action. (Second Petition to Reinstate ¶¶5-9, 44, 48-53, 55, 63, 664 C.D. 2016 Supp. R.R. at 23a-24a, 27a-29a.) Such allegations are relevant only to the third requirement for reinstatement, that the party seeking reinstatement show that he has a meritorious cause of action, and do not show a justification for the lack of activity.

10

Because Plaintiff failed to show good cause for reinstatement of the 2009 action, we affirm the order of the trial court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lucabaugh, :
:
    Appellant :
: No. 664 C.D. 2016
  v. :
:
City of Pottsville :


**PER CURIAM**      **O R D E R**

   AND NOW, this 17th day of March, 2017, the order of March 23, 2016 of the Court of Common Pleas of Schuylkill County in the above captioned matter is AFFIRMED.