# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mifflin County Housing Authority   :
                                :
              v.                 : No. 2169 C.D. 2015
                                : Submitted: June 3, 2016
Donald L. Carstetter,           :
                                :
            Appellant          :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                        **FILED: July 14, 2016**

Donald L. Carstetter (Appellant) appeals *pro se* from an October 21, 2015 order of the Court of Common Pleas of Mifflin County (trial court) that lifted a stay of execution of a writ of possession for a public housing unit rented by Appellee Mifflin County Housing Authority (Housing Authority) to Appellant. Finding no error, we affirm the order of the trial court.

At the time these proceedings commenced, Appellant resided in a public housing building owned by the Housing Authority at 1117 West Sixth Street in Lewistown, Pennsylvania. (Certified Record (R.) Item 10, Complaint ¶¶2-4.) On January 28, 2015, a Housing Authority staff member and a U.S. Department of Housing and Urban Development (HUD) inspector performed an inspection of Appellant's unit. (*Id.* ¶5.) The Housing Authority alleges that during the course of the inspection, Appellant became irate, verbally abusive to the HUD inspector and raised his fist to the inspector, stating "I will put you in the hospital." (*Id.* ¶¶6-8.)

The Housing Authority subsequently initiated an ejectment action in the Magisterial District Court of Mifflin County and on March 3, 2015, a Magisterial District Judge entered judgment granting possession to the Housing Authority. (R. Item 7, Notice of Judgment.) Appellant filed a notice of appeal of the Magisterial District Judge's ruling with the trial court on March 12, 2015, and the prothonotary of the trial court entered a rule directing the Authority to file a complaint. (R. Item 7.) The Housing Authority filed its complaint on April 1, 2015 and served it on Appellant by certified mail. (R. Item 10.) Appellant did not file an answer to the complaint, and on May 14, 2015, the Housing Authority sent Appellant a notice of intent to seek default judgment; this notice was sent by certified mail to Appellant at his public housing unit address and was signed for as received by Appellant's daughter, Theresa Carstetter. (R. Item 11, Praecipe for Entry of Default Judgment, Exs A-1, A-2.) On July 17, 2015, the Housing Authority filed a praecipe for entry of default judgment, which was entered by the prothonotary that same day. (R. Item 11.) After no action was taken by Appellant to reopen the default judgment, the Housing Authority filed a praecipe for a writ of possession, and the writ was issued, on August 25, 2015. (R. Item 12.) Appellant filed a petition for stay of execution of the writ of possession on September 4, 2015, and the trial court entered an order granting a stay pending a hearing in the matter. (R. Item 13, Petition to Stay Execution; R. Item 15, Sept. 8, 2015 Order.)

Following the hearing, the trial court entered an order on October 21, 2015 lifting the previously entered stay of execution of the writ. (R. Item 19.) The Housing Authority then obtained a second writ of possession, and Appellant was removed from the Housing Authority's property on October 29, 2015. (R. Item 21,

Praecipe for Writ of Possession/Writ of Possession; R. Item 39, Rule 1925 Opinion at 1.)  Appellant thereafter filed a timely notice of appeal with this Court.[1]

Upon review, we conclude the trial court did not err in denying Appellant's petition for a writ of stay of execution.  Rule of Civil Procedure 3162(b) provides that:

> Execution [of a writ of possession] may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing
>> (1) a defect in the writ or service; or
>> (2) any other legal or equitable ground.

Pa. R.C.P. No. 3162(b).  Appellant has not asserted that there are grounds for a stay pursuant to Rule 3162(b)(1) based on any defect in the August 25, 2015 writ of possession issued by the trial court or in the service of the writ upon Appellant.  Instead, Appellant argues pursuant to Rule 3162(b)(2) that execution of the writ of possession should be stayed based on the legal ground that the Housing Authority's complaint in the trial court was not personally served upon him.

The Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges (MDJ Rules) provide that where a defendant aggrieved by a judgment in an action for the recovery of possession of real property seeks to appeal, he must file a notice of appeal within 10 days of the entry of judgment, along with a praecipe requesting the prothonotary to enter a rule on the appellee to file a complaint within 20 days of the issuance of the rule.  Pa. R.C.P.D.J. Nos. 1001, 1002(B), 1004(B).  Appellant filed his notice of appeal and

---

[1] Our review is limited to determining whether the findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Degelman v. Housing Authority of City of Pittsburgh*, 67 A.3d 1287, 1289 n.1 (Pa. Cmwlth. 2013).

3

praecipe on March 12, 2015; the prothonotary issued the rule directing the Housing Authority to file a complaint within 20 days and Appellant promptly served the notice of appeal and rule on the Housing Authority and filed a certificate of service. (R. Item 7, Notice of Appeal/Praecipe to Enter Rule to File Complaint and Rule to File; R. Item 9, Proof of Service.) The Housing Authority then filed its complaint on April 1, 2015 accompanied by a notice to defend and a certificate of service indicating service had been made on Appellant by certified mail with return receipt requested. (R. Item 10.)

Rule 1005(D) of the MDJ Rules provides that service of a complaint in response to an appeal from a ruling by a Magisterial District Judge may be made "by leaving a copy for or mailing a copy to him at his address as shown in the magisterial district court records." Pa. R.C.P.D.J. No. 1005(D).[2] The certificate of service for the Housing Authority's complaint indicates that service was made on Appellant by certified mail addressed to his public housing unit, which was the address for Appellant in the magisterial district court records and which Appellant listed on his notice of appeal. (R. Item 10.) The Housing Authority produced a copy of the return receipt form, which shows that the complaint was received by Claudia Carstetter, Appellant's wife, on April 4, 2015. (R. Item 14, Answer to Petition for Stay of Execution, Ex. A; Sept. 17, 2015 Hearing Transcript (H.T.) at

---

[2] Rule 1005(D) provides in full:

> The party filing a complaint under Rule 1004 shall forthwith serve it upon the opposite party in the appeal by leaving a copy for or mailing a copy to him at his address as shown in the magisterial district court records mentioned in subdivision A of this rule. If the opposite party has an attorney of record either in the magisterial district court or court of common pleas proceeding, service upon the opposite party may be made upon the attorney of record instead of upon the opposite party personally.

Pa. R.C.P.D.J. No. 1005(D).

26-27.)  At the hearing before the trial court, Appellant did not contest that the return receipt reflected service by certified mail at his address, but he testified that he did not recall personally receiving a copy of the complaint; in addition, Appellant's daughter, Theresa Carstetter, further stated that her mother may have received the certified mail package but that she does not speak English well and she may have therefore misplaced the package.  (H.T. at 26-27.)

We conclude that Appellant's argument that service of the Housing Authority's complaint was improper is without merit.  The record reflects that the Housing Authority complied with MDJ Rule 1005(D) by mailing the complaint to him at the address he provided in magisterial district court records.  The fact that Appellant did not personally receive the package from the letter carrier or sign the return receipt form is irrelevant; unlike the Rule of Civil Procedure related to service of original process by mail, MDJ Rule 1005(D) does not mandate that delivery be restricted only to the party or his authorized agent but instead only provides that the complaint be mailed to the party's address.  *Compare* Pa. R.C.P. No. 403 *with* Pa. R.C.P.D.J. No. 1005(D).   Service of all legal papers other than original process is complete upon mailing, establishing a rebuttable presumption of notice of the filing that cannot be rebutted through testimony alone.  Pa. R.C.P. No. 440(b); *Wheeler v. Red Rose Transit Authority*, 890 A.2d 1228, 1231 (Pa. Cmwlth. 2006).   Appellant did not present evidence to rebut the presumption of receipt and, in fact, both he and his daughter conceded that the delivery was made at Appellant's address.  Furthermore, Appellant is entitled to no special benefit as a *pro se* litigant in this matter and is not excused from compliance with generally applicable procedural rules as a result of his ignorance of the law.  *Commonwealth v. Blakeney,* 108 A.3d 739, 766 (Pa. 2014); *Green v. Harmony House North 15th Street Housing Association, Inc.*, 684 A.2d 1112, 1114-15 (Pa. Cmwlth. 1996).

Appellant also argues that the trial court erred in not granting the stay of execution of the writ of possession pursuant to Rule 3162(b)(2) based upon equitable grounds related to his health. Appellant averred at the trial court hearing that he suffered from severe inflammation of his rectum and lower colon, an ulcer in his lower colon, extreme chronic pain, fecal incontinence, blood in his stool, type 2 diabetes and high blood pressure, and presented medical records related to his gastroenterological treatment. (H.T. at 17-19, Carstetter Ex. 1.) Appellant argued that evicting him from his public housing unit would mean that he would be living in his car without access to his medicine and that such conditions could lead to his death. (H.T. at 19-20.) The trial court found that while Appellant's medical records did document inflammation and ulceration of the rectum, high blood pressure and diabetes, these medical records did not include an opinion that he would be in grave medical harm if he were evicted from his residence. The trial court thus held that Appellant's medical condition did not amount to adequate equitable grounds to stay execution of a writ of possession pursuant to Rule 3162(b)(2). We conclude that the trial court did not abuse its discretion in making this determination.

Finally, Appellant argues that the Magisterial District Judge who initially heard the ejectment action committed numerous errors of law and failed to accord him due process in that proceeding. Initially, we note that no transcript of the magisterial proceeding was maintained in the record that would afford this Court an opportunity to evaluate Appellant's contentions. In any event, the matter on appeal before this Court is solely confined to addressing whether the trial court erred or abused its discretion in refusing to grant the stay of execution of the writ of possession. Appellant was provided the opportunity to litigate this matter anew and raise any issue regarding the magisterial district court proceedings in the trial

6

court.[3]  However, though Appellant did appeal the Magistrate's ruling, he did not file an answer to the Housing Authority's complaint, did not respond to the Housing Authority's notice of intention to file for default judgment and did not file a petition to reopen the default judgment.  Appellant's arguments related to the proceedings before the Magisterial District Judge are accordingly waived.

For the foregoing reasons, the order of the trial court lifting the stay of execution of the writ of possession is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

---

[3] *See* Pa. R.C.P.D.J. No. 1007(A) ("The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.")

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mifflin County Housing Authority　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　: No. 2169 C.D. 2015
　　　　　　　　　　　　　　　　　　:
Donald L. Carstetter,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　　: 

## **O R D E R**

AND NOW, this 14th day of July, 2016, it is hereby ORDERED that the order of the Court of Common Pleas of Mifflin County in the above-captioned matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge